## MARY B. LOVEJOY *vs.* ANTHONY LOVETT.

Middlesex.    Jan. 8, 9. — March 1, 1878.    AMES & LORD, JJ., absent.

A statement in a deed, that the granted premises are the same that were conveyed to the grantor by a certain deed, is not necessarily conclusive that the grantor intended to convey the whole of the premises to which he acquired title by the deed referred to.

Parol evidence of the practical construction given to a deed by the subsequent acts of the parties thereto is admissible, when the language thereof, in the description of the land conveyed, is doubtful.

WRIT OF ENTRY to recover a parcel of land in Malden, being the parcel between Salem Street and the most northerly dotted line as shown on the following plan :

Plea, *nul disseisin*, and a disclaimer of title, which was accepted, as to so much of the parcel as lies between Salem Street

and the southerly dotted line, leaving the parcel between the dotted lines in dispute.

Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

The demandant put in evidence a deed of Ezra Holden to the tenant, dated May 7, 1829; also a deed of the tenant to Sarah A. Wentworth, dated December 20, 1873, through whom, by various mesne conveyances, the demandant claimed title.

In the deed of Holden to the tenant, the premises conveyed were described as follows: " A certain piece of land containing one fourth of an acre, be the same more or less, bounded southerly on the road leading from Medford to Lynn [now Salem Street] ; westerly by land of William Wait, 3d; northerly by land of Deacon Samuel Wait; and easterly by land of me, the said Ezra Holden, beginning at a stake on the north line, fifty feet from land of said Wm. Wait, 3d; thence running southwardly to the centre of the house on the back part of the house; thence southerly through the centre of the house to the road aforesaid, reserving to myself, however, the bedroom in front of the house, extending over said line, and conveying to said Lovett the bedroom in back part of said house." It was not contended that there was any uncertainty as to the premises conveyed by this deed.

The deed of the tenant to Wentworth described the premises conveyed as follows: " A certain piece or parcel of land, with the buildings thereon, situated in said Malden, bounded, beginning at the southwest corner of said land on Salem Street, by land of J. R. Atwood and others; thence running northerly by land of said Atwood and others to land of said Lovett; thence easterly by said Lovett's land to land of C. A. Maiers and others; thence southerly by the last named land to the back part of the house; thence southerly through the centre of said house to Salem Street; thence westerly by Salem Street to the point of beginning, containing eight thousand square feet, more or less. Being the same premises conveyed to me by Ezra Holden, by deed dated May 7, 1829, recorded with Middlesex deeds, book 315, page 120."

It was admitted that the plan correctly represents the abutters at the time the tenant conveyed to Wentworth, and the contents

of the premises mentioned thereon; and that, at the date of the deed of the tenant to Wentworth, he was and had been since 1833, by several mesne conveyances, the owner of the lot of land forming the northerly boundary of the demanded premises, and formerly owned by Deacon Samuel Wait.

Upon the foregoing facts and documentary evidence, the tenant contended that there was such doubt and uncertainty as to where the northerly line was of the premises, intended to be conveyed by the deed to Wentworth, as to let in oral evidence to determine that line ; and the tenant offered and was allowed to prove, the demandant objecting, the practical construction of the deed as to that line, given by the parties subsequently to the conveyance, by their acts and their treatment of the property in dispute; that the tenant had, ever since said conveyance, used and occupied the premises, collecting the rents, paying the taxes, and treating it as his own the same as before, without objection by anybody; that Wentworth, at the time of the conveyance to her, was living in the southerly house indicated on the plan, as a tenant of Lovett, and continued to live there for some two years after the conveyance.

The demandant contended that there was no uncertainty as to the premises intended to be conveyed by the deed of Lovett; that, by its terms and its reference to the deed of Holden, the same premises were conveyed to Wentworth that were conveyed by the deed of Holden to Lovett, and that Lovett was estopped to deny that his deed conveyed the land to Wentworth up to the land formerly of Deacon Samuel Wait; but the judge refused so to rule.

The jury returned a verdict for the tenant; and the demandant alleged exceptions.

*D. C. Linscott*, for the demandant.

*L. W. Howes*, for the tenant.

MORTON, J. The only controversy between the parties in this case is as to the true position of the northerly line of the lot conveyed by the tenant to Wentworth, through whom the demandant claims title.

It is impossible to understand and apply the description of the deed, without the aid of the plan used at the trial, showing the surrounding land and buildings. Upon reference to this

plan, it appears that the northerly line claimed by the demandant runs from land of Mrs. M. A. Lovett, by land formerly of Samuel Wait, but which belonged to·the tenant at the date of· his deed to Wentworth, through a house there standing, to land of Turner. The northerly line claimed by the tenant is about sixty-five feet from this, southerly, and runs between land of Atwood and land of Maiers. It cannot be determined from the deed itself, without the aid of extrinsic evidence, precisely where the line runs.

The description begins at a fixed monument, being the southeast corner of the land of Atwood on Salem Street. This land is erroneously described in the deed as "land of J. R. Atwood and others," but there is no dispute that the land meant was the lot owned by Atwood solely. It then runs "northerly by land of said Atwood and others to land of said Lovett." This boundary, standing by itself, might perhaps, without violence of construction, be held to run by said land of Atwood and by land of M. A. Lovett to the land formerly of Samuel Wait, as contended by the demandant. But the second line runs "thence easterly by said Lovett's land to land of C. A. Maiers and others." This is the line in dispute. If it is situated as contended by the demandant, it would run from land of M. A. Lovett to land of Turner, and would not strike land owned by Maiers, or in which he had any interest. It would be a forced construction to hold that the description "running to land of C. A. Maiers and others" meant running to land of Turner. The more reasonable inference is, that,·as in the case of the Atwood lot, the parties intended to run to the Maiers lot, and by an error described it as belonging to Maiers and others. This conclusion is supported by some considerations which, though not conclusive in themselves, are entitled to some weight as confirmatory of this apparent intention of the parties.

The deed describes the lot conveyed as "containing eight thousand square feet, more or less." If the northerly line, as claimed by the tenant, runs between the land of Atwood and land of Maiers, at or near their northerly ends, the lot would contain within five hundred feet of that quantity; while, if the demandant's claim is correct, it would contain nearly eleven thousand feet. Again, the line claimed by the demandant would

run directly through a dwelling-house; and it is highly improbable that, if the parties had intended such a line, they would have failed to mention that fact, as they did in the case of the easterly line, which runs through another house.

The principal argument in favor of the demandant is drawn from the concluding clause of the description in the deed, "being the same premises conveyed to me by Ezra Holden, by deed dated May 7, 1829." His argument is that this was intended as a general description of the lot conveyed, and, as the particular description is uncertain and indefinite as to the northerly line, the general description should prevail. This clause is entitled to some weight in determining the intention of the parties, but, in our opinion, it is not sufficient to overcome the inferences to be drawn from the other parts of the deed. Reference is made to the Holden deed, not for the purpose of fixing the metes and bounds, as if describing the lot conveyed, but to show the grantor's chain of title. The Lovett deed describes the lot conveyed by metes and bounds, by a particular description, which shows with reasonable certainty that a smaller lot was intended to be conveyed than that described in the Holden deed. Taking the whole instrument together, we are of opinion that the intention of the parties was that the northerly line of the premises conveyed should run from the land of Atwood to the land of Maiers. This construction is not inconsistent with any of the language of the deed, and it meets and answers the description. But it is clear that it is impossible, from the deed and plan, to determine precisely the location of the line. This being uncertain, it was competent for the tenant to show the practical construction which the parties gave to the description of the deed by their acts and their treatment of the property, for the purpose of showing what the true line established by them was. *Stone* v. *Clark,* 1 Met. 378.                    *Exceptions overruled.*