McShane *v.* Main & *a.*

In the construction of a deed the parties are presumed to refer to the boundaries of the land as they existed at the date of the conveyance, in the absence of evidence to the contrary.

A deed of land, bounding it on one side by a street and on the other sides by defined courses, though containing a general statement that the premises are the same that were deeded to the grantor, fails to show that the location of the street as it existed when the grantor took his deed was intended.

In an action of covenant broken, the defendant may be allowed to amend his plea by filing a bill in equity for a reformation of the contract containing the covenant.

COVENANT BROKEN. Facts found by a referee. August 25, 1871, the defendants, by deed containing full covenants of warranty, conveyed to the plaintiff a lot of land in Concord, particularly describing and bounding it. The north line is described as beginning at a particular point "on said Warren street," and "thence easterly by said street about 48 feet." The easterly line is described as extending by a given course "about 35 feet" southerly from Warren street. The deed also conveyed a right of passway on the easterly side of the premises sixteen feet in width, "and extending the distance of forty feet southerly from said Warren street,—meaning all the real estate and all interest and appurtenances thereto connected, as were conveyed to said George Main by James R. Hill by deed dated February 2, 1853." The defendants' deed to the plaintiff contains substantially the same description of the land and passway as is given in Hill's deed to Main.

June 4, 1860, while the defendants owned the premises, Warren street was legally widened and straightened in such a way that a narrow gore of land was taken from the northerly side of the premises. The breaches assigned relate to this gore of land between the old and new lines of the street, and to the extent of the passway southerly from the street. At the date of the defendants' deed to the plaintiff there was no visible boundary marking the southerly end of the passway.

*Tappan, Albin & Shurtleff,* for the plaintiff. The land conveyed by the defendants to the plaintiff is the same land which was conveyed by Hill to the defendant, George Main. The deed to the plaintiff says so in these words, viz., "meaning all the real estate etc. conveyed to the said Main," etc. Such reference to a former deed makes it a part of the description in this deed. *Eastman* v. *Knight,* 35 N. H. 551; *New Market M'f'g Co.* v. *Pendergast,* 24 N. H. 54; *Flagg* v. *Bean,* 25 N. H. 60; 2 Wash. Real Prop. 638; *Allen* v. *Bates,* 9 Pick. 460; *Foss* v.

*Crisp*, 20 Pick. 121.   The first easterly bound is described in the deed as being about 35 feet long; and the same easterly bound is described in the deed of Hill to the defendants as being 35 feet long also.   It is evident that, having the former deed before him, the grantor would have used some words denoting less than 35 feet if the parties had not in their minds that the land sold was the same as that described in the former deed.   Although distance will not prevail against other certain description, yet, when there is a conflict between other descriptions, distance will help determine which is the true one.   If the north bound is limited by the highway, as the defendants contend, then a long, thin, wedge-like piece of land in the travelled street will be left in the ownership of the defendants—a thing which the parties cannot be presumed to have intended.   When the meaning of a deed is doubtful, it is to be construed most strongly against the grantor.

The defendants claim that Warren street is a bound which will control all other descriptions.   But we say it will not control when the contrary intent is evident.   *Coburn* v. *Coxeter*, 51 N. H. 158, 163.   Besides, there were no monuments which showed where the margin of Warren street was: and the court in this state, in all the cases where they have decided that bounds control the construction of deeds, have always emphasized the fact that in each case the bound was indicated on the ground by some monument. *Hall* v. *Davis*, 36 N. H. 571; *Breck* v. *Young*, 11 N. H. 485; *Enfield* v. *Day*, 11 N. H. 525; *Smith* v. *Dodge*, 2 N. H. 303.   Although it may not be necessary, in order to give effect to a bound, to have it indicated by monuments, still, the fact that such monuments are wanting, by which the purchaser can see with his eye just what he is buying, must weaken the controlling influence of the boundary as against other description.

One breach is, that the street is an incumbrance on the land conveyed by said deed, contrary to the covenants therein.   *Prichard* v. *Atkinson*, 3 N. H. 335; *Haynes* v. *Stevens*, 11 N. H. 28. Another breach is, that the defendants by their deed undertook to grant a passway "extending forty feet southerly from Warren street." The term "from Warren street" must mean from the margin of the street, because the grantor cannot be presumed to grant a right which the grantee has already in common with the public.   The margin of Warren street being the point of beginning, a passway forty feet in length would extend several feet beyond the right then owned by the defendants.   This passway is described only by distances, no bounds being mentioned except the point of beginning; and it is a principle well settled, that in such cases the courses and distances govern.   *Hamilton* v. *Cawood*, 3 H. & M'M. 415; *Reed* v. *Shenck*, 2 Dev. Law. 415; *Conn* v. *Penn*, Pet. C. C. 496; *Hickman* v. *Tait*, Cooke, Tenn., 460; *Machias* v. *Whitney*, 16 Me. 347; *Blaney* v. *Rice*, 20 Pick. 62; *Breck* v. *Young*, 11 N. H. 489.

*J. Y. Mugridge* and *A. F. L. Norris*, for the defendants. 1. The true rule is, where there is a particular description in a deed, which is certain and definite, followed by a general description differing from the former, the particular description shall prevail. *Peaslee* v. *Gee*, 19 N. H. 273; *Nutting* v. *Herbert*, 35 N. H. 120. This rule, applied to the deed of Main and wife to McShane, would carry the northerly line of the premises conveyed to the southerly line of Warren street, as Warren street was at the time of the conveyance, and not over or across any part of it; and the general description—" meaning all the real estate and all interest and appurtenances thereto connected, as were conveyed to said George Main by James R. Hill by deed dated February 2, 1853 "—must be rejected in any particular wherein it is inconsistent with the particular description. *Lovejoy* v. *Lovett*, 124 Mass. 270.

2. It is otherwise with the passway. The particular description is imperfect or incomplete. The only bounds given to designate it in the particular description are, " the easterly border of said premises" on the west, and " Warren street" on the north. It is bounded on Warren street on the north, and on the easterly border of the premises on the west; but there are no distinct or definite boundaries showing its extent upon the south or east, as in the case of the premises conveyed. The general description, therefore, as said by the court in *Peaslee* v. *Gee*, before cited, must prevail, and fix and determine the extent of the passway on the east and on the south.

Whatever, therefore, the passway was in Hill's deed to Main,— southerly from the southerly line of Warren street,—Main and his wife conveyed to McShane. *Clap* v. *M'Niel*, 4 Mass. 589; *Perkins* v. *Webster*, 2 N. H. 287. Whether the passway is described in the deed of Main and wife as extending south from Warren street forty feet, or any other particular distance, it can really extend no further, because of the reference to the deed from Hill to Main, than the passway named in that deed in fact extended. See, also, *Flagg* v. *Bean*, 25 N. H. 49. The southerly and easterly lines of the passway, by reference to the deed from Hill to Main, became monuments which control both course and distance in the passway conveyed by Main and wife to McShane. *Breck* v. *Young*, 11 N. H. 485; *Enfield* v. *Day*, 7 N. H. 457; *Howe* v. *Bass*, 2 Mass. 380; *Folger* v. *Mitchell*, 3 Pick. 401.

3. The words " sixteen feet" and " forty feet," as applied to the extent of the passway in the deed, are merely descriptive, and the grant was of a passway as it was then opened and used. In order, therefore, for McShane to maintain the action for covenant broken, he must show an express covenant that the passway extended forty feet southerly from Warren street. But the deed shows no such covenant. *Clap* v. *M'Niel*, 4 Mass. 589; *Perkins* v. *Webster*, 2 N. H. 287.

STANLEY, J.  The construction of a deed is the finding of the fact of the parties' intention from competent evidence. *Lane* v. *Thompson*, 43 N. H. 320, 324; *Richardson* v. *Palmer*, 38 N. H. 212, 218; *Johnson* v. *Simpson*, 36 N. H. 91, 93; *White* v. *Gay*, 9 N. H. 126, 130; *Driscoll* v. *Green*, 59 N. H. 101; *Allen* v. *Holton*, 20 Pick. 458, 463; *Worthington* v. *Hylyer*, 4 Mass. 196; *Rice* v. *Society*, 56 N. H. 191, 197, 198, 203; *Houghton* v. *Pattee*, 58 N. H. 326; *Morse* v. *Morse*, 58 N. H. 391; *Brown* v. *Bartlett*, 58 N. H. 511.  The description of the land in the deed as beginning at a given point " on Warren street," and " thence easterly by said street forty-eight feet," included the land to the centre of the street as it then existed, subject to the easement of a public highway over a part of it.  There is no evidence showing a contrary intention. *Reed's Petition*, 13 N. H. 381, 384; *Woodman* v. *Spencer*, 54 N. H. 507, 511; *Sleeper* v. *Laconia*, 60 N. H. 201; 3 Wash. Real Prop. 420.  If it was the defendants' purpose to warrant the title to land which they did not own, by referring, in the description of the land conveyed, to a former southerly line of Warren street, the deed furnished little evidence of it.  The parties are fairly presumed to have made their contract with reference to the property as it was then apparently located and bounded, and not as it may have existed at some former time. *Richardson* v. *Palmer*, *supra*; *Dunklee* v. *Wilton Railroad*, 24 N. H. 489.  The object of the reference to Hill's deed, after the particular and unambiguous description of the premises, obviously was, not to give another and different description, or to extend the grant to land not owned by the grantors, but to show the grantors' chain of title, or to identify, in a general way, the land conveyed. *Lovejoy* v. *Lovett*, 124 Mass. 270, 274; *Colby* v. *Collins*, 41 N H. 301, 304; *Nutting* v. *Herbert*, 35 N. H. 120, 125.

As the deed represented the passway as extending forty feet southerly from Warren street, and as there was no visible boundary indicating the southerly limit of it, the presumption is that the grantors meant what the language of the deed expresses, and intended to convey a passway forty feet in length from the margin of the street as then located upon the ground.  A passway of that description would extend beyond the grantors' land, and there is, at least, a technical breach of their covenants.  But if the parties understood that the defendants were conveying the rights purchased by them of Hill, subject to the modification in the boundaries caused by the widening of the street, the plaintiff's recovery of damages would be inequitable.  The defendants, therefore, may move at the trial term for leave to amend their plea by filing a bill in equity to reform the deed. *Metcalf* v. *Gilmore*, 59 N. H. 417, 432.  If such an amendment be allowed, and if it appear, on a trial of the bill, that the parties understood the length of the passway had reference to the original and not the present line of

the street, justice will be done by reforming the deed, and rendering judgment for the defendants.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.