## FRANK K. BUCK et al.

### *v.*

## MALFRED ADAMS, JR., et al.

1. When lands are sold with a covenant in the deed that the grantor will not build on a certain portion of his remaining lands on the easterly side of Virginia avenue, the object being to secure an unobstructed view of the ocean from the premises of the grantee, the elevation of buildings on the land at the time of the making the covenant as well as the erection of new buildings, will be restrained by injunction.

2. The construction of a pavilion, with a roof, and open on all sides, is a violation of such covenant.

3. The fact that the complainants have added a portico to their buildings, beyond the line allowed by the covenant (the defendants alleging that it was understood at the time of the execution of the conveyance that such portico might be erected), is no excuse for the building of said pavilion.

4. The fact that the line of the avenue does not extend beyond the point where the said buildings are located, does not excuse the breach.

5. Nor does the fact that the title may not be in the defendant.

6. A grantor selling lands for a particular purpose, cannot derogate from his grant, by so using his other lands or the lands of another, as to destroy or effectually interfere with that purpose.

On bill, answer and proofs.

*Mr. Allen B. Endicott,* for the complainants.

*Mr. James B. Nixon,* for the defendants.

BIRD, V. C.

The complainants purchased a lot of land of the defendant, Backarack, and in the deed, by which he conveyed to them, he covenanted that he would not erect any building within thirty feet of the line of Virginia avenue on the rest of the land then owned by him. The language of the covenant is given in the opinion filed April 24th, 1889, in a suit between the same parties under the name of *Buck* v. *Backarack,* reported *infra, p. 557.* At the time of the conveyance, there were bath-houses on a portion of this land included in the covenant, which the defendant Adams now has the possession of under some understanding or agreement with Backarack. The allegation in the bill is to the effect that, by virtue of this understanding, Adams is to erect other bath-houses, booths and pavilions and to increase in height the bath-houses already there, and that, after this is done by Adams (he so doing it before the execution of any agreement in writing by way of a lease, in order to save Backarack from the appearance of violating his covenants), Backarack will then execute to him a lease for the premises upon which he makes these erections. The bill also charges that these erections, additions and elevations obstruct the sea-view which the complainant is entitled to by virtue of the said covenant, and is therefore a breach of said covenant.

The complainants ask for an injunction restraining the defendant Backarack from entering into any agreement or lease with Adams which shall in anywise authorize the violation of said covenant, and restraining them and each of them from erecting any bath-houses or other structures within the said thirty feet in violation of said covenant, and commanding them to remove any such buildings or structures which they or either of them have already placed there.

It is admitted that the bath-houses have been elevated at least eighteen inches higher than they were at the time of the making of said covenant.  I regard this elevation and any other similar additions or constructions, whether attached to the old erections, or detached and entirely new, as a clear violation of the covenant.  The law, as laid down in the following authorities, makes this very plain : *Clark* v. *Martin, 49 Pa. St. 289; Gibert* v. *Peteler, 38 Barb. 488; Cole* v. *Sims, 1 Kay 56; Barrow* v. *Richard, 8 Paige 351 (35 Am. Dec. 715); Sanborn* v. *Rice, 129 Mass. 387; Godd. Easem. 108; Cooper* v. *Louanstein, 10 Stew. Eq. 284; Washb. Easem. 34; Flint* v. *Flint, 6 Allen 34 (73 Am. Dec. 615); Bissell* v. *New York Central R. R. Co., 23 N. Y. 61; Gawtry* v. *Leland, 4 Stew. Eq. 385.*

Such covenant may be enforced by injunction. *Story Eq. Jur.* § *927; Hills* v. *Miller, 3 Paige 254.*

The pavilion, which the defendants or one of them have or has completed or are or is about to complete, is a frame structure open upon all sides, with a roof which appears, in the plan or diagram presented, to be at an angle of thirty degrees, and is about eighteen feet above the surface of the ground.  The defendants insist, that the erection of this pavilion is not a violation of the covenant, and urge that this has been the understanding of all the parties interested in the land in question, whatever may be the expressions in the deed.  It is urged that the acts of the complainants and other purchasers prove this.  For, whilst they have located their buildings thirty feet from the easterly line of said avenue, they have added porches or porticoes in addition thereto over a large portion of the said thirty feet.  It is insisted that the complainants, having done this, have no right to object to the construction of this pavilion similar in its features, so long as they allow their own portico to be maintained on the said thirty feet.  In favor of the view that the proper construction of the covenant is ambiguous, and that the conduct of the parties may be resorted to in order to remove such ambiguity, the following authorities are cited: *Tyler Bound. 124; Adams* v. *Frothingham, 3 Mass. 352; Stone* v. *Clark, 1 Metc. (Mass.) 378; Lovejoy* v. *Lovett, 124 Mass. 270; Livingston* v.

*Ten Broeck, 16 Johns. 14, 23; Dunn* v. *English, 3 Zab. 126; Jackson* v. *Perrine, 6 Vr. 137,* and *1 Greenl. Evid.* § *293.*

In the first place, there is no possible ground for saying that there is ambiguity in the covenant in this case; and in the second place, if there was, as the defendants allege in their answer, and as their counsel urged upon the argument, an understanding between the parties, at the time of the execution of the conveyance, that such porticoes might be erected, then surely the defendants are estopped from complaining of such erection and of making it an excuse for any breach of the covenant on their part. It does not appear in the covenant, nor from any other source, that the erection of pavilions or any other structure which might have the appearance of a portico, separate or independent of a dwelling-house or hotel, might be erected upon the said thirty feet by the said defendant Backarack, or any one in privity with him, without being regarded as a violation of such covenant.

Again, the defendants urge that Virginia avenue does not extend beyond high-water mark of the Atlantic ocean, and that Atlantic City does not own beyond that point, but that the State of New Jersey owns beyond high-water mark. The inference or legal deduction which counsel seeks to establish from this statement is, that the covenant and the benefits thereof are limited to the line of the said avenue as adopted or established by the public authorities. If this be so, it follows as a necessary consequence that all the advantages sought to be derived on the part of the grantees may be entirely destroyed by the grantor should he choose to make any sort of an erection, however substantial and obstructive in its character, upon his land which might perchance extend farther seaward than the easterly line of said avenue.

To adopt such a construction of covenants of this character would seem to me not only to be a perversion of all general rules, but destructive of the very spirit which controls courts when the meaning or intention of the parties is so clear as in this case. It is not disputed but that the object of the grantor and grantees of this lot and other lots was, to secure and preserve an unobstructed view of the ocean over this thirty feet by

each owner of a lot. It has been held, that, where a person sells land to another to be used for an express purpose (as was this thirty feet, as manifested by both of the covenants in the deed of conveyance), he will not be permitted to derogate from his own grant by doing anything on the adjacent soil which unfits the land sold for the purposes for which it was sold. *North-eastern R. Co.* v. *Elliott, 6 Jur.* (*N. S.*) *817.* Again, where the defendant agreed to grant to the complainant the right to use certain roads and ways in and through his estate, the court restrained the defendant from continuing a wall at the extremity of his estate which obstructed the complainant from passing through his lands unto the lands of other land-owners. *Phillips* v. *Treeby, 3 Giff. 632; S. C. on appeal, 8 Jur.* (*N. S.*) *999; Gawtry* v. *Leland, 4 Stew. Eq. 385.*

But counsel for defendant seems quite confident that this equitable principle, and every other of a similar nature, is overcome by the fact, as is alleged by him, that the title to the lands whereon he is making the said additions and erecting the said buildings is in the State, or at all events, not in the defendant Backarack. I am unable to see any force in this contention. If the defendants would have no right to create such obstructions upon their own land, in order to destroy the beneficial enjoyment of their covenants, I cannot see how their rights would be enlarged so as to enable them to accomplish the same purpose by also committing an act of trespass in entering upon the lands of others. *Gawtry* v. *Leland, 4 Stew. Eq. 385.*

But, viewing the question from an absolutely equitable standpoint, with the admitted facts that the shore-line has receded at this place not less than seventy-five feet since the execution of said conveyance, so that the easterly line of said avenue, at that time, extended seaward beyond any of the buildings erected, or any of the buildings contemplated to be erected, and also that the preservation of an unobstructed view of the ocean was the chief, if not the only, reason for the making of said covenant, most clearly the judgment of the court must be in favor of the complainants.

I will advise a decree in accordance with these views. The complainant is entitled to costs.