ANDREW J. IVERSON *vs.* GEORGE SWAN.

Essex. November 3, 1897. — November 24, 1897.

Present: HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Trespass upon Land — Boundary — Deed — Estoppel.*

If the boundary line between the land of two persons holding title under deeds from a common grantor is described as at right angles with a certain street, and if the line is drawn at right angles the boundary of one will be fifty-three and a half feet instead of "about fifty feet" as in the deed, there is no such conflict between the angle and the measurement in the deed as creates an uncertainty to be construed by the acts of the parties, but the angle is the true line.

The building, by the predecessor of one of two adjoining owners of land holding title under deeds from a common grantor, of a fence which diverges somewhat from the boundary line described in the deeds, and which stands for nineteen years before an alleged trespass by his successor, does not create an estoppel which will bind the latter, nor does the building of several feet of sea wall beyond his boundary line by the other owner, acting under the same mistake as the person first named, raise an estoppel.

TORT, for breaking and entering the plaintiff's close in Beverly, and tearing down and carrying away a fence and erecting

a building thereon. Trial in the Superior Court, before *Hammond*, J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*R. W. Boyden*, for the plaintiff.

*A. L. Huntington & A. Fitz*, for the defendant.

HOLMES, J. The only question was with regard to the true boundary line between the plaintiff and the defendant. Both parties held under deeds from a common grantor, in which the boundary line was described as at right angles with Lothrop Street. If this was the line, the defendant was entitled to a verdict, and the judge was right in directing one in his favor. To control this the plaintiff put in evidence that the defendant's predecessor in title, who held under the earlier deed, set up a fence which diverged somewhat from the right angle and made the line insisted on by the plaintiff; that the fence had stood for at least nineteen years before the trespass complained of; and that the plaintiff bought his land and made some slight improvements on the piece in controversy, supposing that the fence stood on the boundary line. He also proved that, if the line were drawn at right angles, the defendant's southeasterly boundary would be fifty-three and a half feet instead of "about fifty feet" as in the deed. His argument is that the angle does not prevail over the measurement, that the acts of the parties interpreted the deed, and that the building of the fence was an estoppel, as against a later purchaser of adjoining land who had improved the land up to the fence.

The argument cannot prevail. There is no conflict such as is imagined between the angle and the measurement, since the measurement does not purport to be exact, but on its face is only a rough estimate, prefaced by the word "about." *Hall* v. *Eaton*, 139 Mass. 217, 222. There is no uncertainty to be construed by the acts of the parties. The building of the fence was not in pursuance of an agreement to settle a doubt, even in the parties' minds. It was merely an act of one of them, proceeding under a mistake, and did not bind him. *Hall* v. *Eaton*, 139 Mass. 217, 223. The lapse of time short of the period of prescription does not help the plaintiff, and the fact that, acting under the same mistake as the defendant's predecessor, he has

built three feet of sea wall beyond his boundary line, does not raise an estoppel. Both parties had equal means of knowledge of the true line, each had a right to assume that the other would know that he stood upon his rights, and, under our decisions, in pursuance of that assumption might erect an ordinary fence without renouncing title or warranting the other in supposing that he renounced title beyond it, if he should turn out to have a title by the deeds. *Tolman* v. *Sparhawk*, 5 Met. 469, 477. *Brewer* v. *Boston & Worcester Railroad*, 5 Met. 478. *Proprietors of Liverpool Wharf* v. *Prescott*, 7 Allen, 494. *Proctor* v. *Putnam Machine Co.* 137 Mass. 159.        *Exceptions overruled.*