## HENRY FROST v. CORNELIUS J. BRESNAN ET AL.

### Middlesex, July, 1904.

*Deed—Boundaries—Monuments—Practical    Construction
by Parties.*

This case, like that of Turner v. Belmont which was tried
with it, is a petition to register title to certain land on Brigh-
ton Street in the town of Belmont. All of the land on the
east side of Brighton Street between Pleasant and Cross
Streets was formerly owned by one Frost. Frost and his
heirs sold it off in lots. The deeds affecting the lots in con-
troversy call for certain distances, and bound by land pre-
viously sold to others and by land of the grantor. No natural
monuments whatever are referred to in the deeds. At the
time of the respective sales, however, the parties went upon
the land, located certain existing monuments and secured
the distances subsequently written into the deeds by measur-
ing between these monuments. As to the lots previously
sold to other owners from the Frost estate, the boundaries of
none of them are fixed and definite. The lines of occupation
differ materially from the lines called for by the deed dis-
tances, and even the location of the street lines is in dispute.

The question is therefore presented which is suggested in
Cornell v. Jackson and Miles v. Barrows, whether, if there
is no allusion to monuments in a deed, oral evidence is com-
petent to show that the parties nevertheless made use of
monuments in relation to the deed. Cornell v. Jackson, 9
Met. 150. Miles v. Barrows, 122 Mass. 179.

There appear to be no decisions squarely in point, and

analogous cases have been argued as indicating entirely contradictory conclusions.

Undoubtedly neither parol evidence, " practical construction " by the parties, nor other evidence outside the deed, can be made use of to explain the contents of a deed unless the instrument is itself ambiguous. Where an instrument is ambiguous or uncertain, oral evidence may be resorted to. Crafts *v.* Hibbard, 4 Met. 438. Hooten *v.* Comerford, 152 Mass. 591. Methodist Society *v.* Akers, 167 Mass. 560. These cases, however, rest solely upon the ground that the lines are not determinable from the deeds, and that oral evidence must be resorted to or the deed will fail. They are not in point in the present matter.

Where monuments are referred to in a deed, even if only as monuments which are to be subsequently erected, their subsequent erection and location may be shown, not as in any way explaining an ambiguous instrument or adding to or varying the terms of the deed, but as locating the monuments referred to in the deed. So in the cases at bar, the school house fences as built must be taken to be the fences referred to in the deed to the town, and the location may be shown and will control the deed measurements. Miles *v.* Barrows, 122 Mass. 179. Beckman *v.* Davidson, 162 Mass. 347.

So where the monument is itself not a natural monument like a post or fence, but a less tangible though equally defined monument such as a road or the land of a third party, oral evidence may be admitted to show the actual location of such definite monument. Dodd *v.* Witt, 139 Mass. 63. Foley *v.* McCarthy, 157 Mass. 474. Dodd *v.* Witt is a difficult and usually an unsatisfactory citation. The case can only mean that a " road " is always an indefinite or ambiguous expression in a deed when taken as a boundary to or from which the measurements must be made, and that the intention of the parties may, therefore, always be shown. If there is no outside evidence of intent, there will be a presumption

that in running to the road, title will carry to the centre, while in measuring from the road the measurement will begin at the side; but that this presumption, like all presumptions, being merely an artificial rule in the absence of actual evidence, will yield to actual evidence as to the location of monuments and measurements where such evidence can be produced. In Foley v. McCarthy the location of the road on the ground as designated by stakes, even though the stakes had never been seen by the grantee and differed from his deed and plan distances, was permitted to be shown, and held to govern, because the road was a monument, and the evidence was evidence of the actual location of that monument.

Where adjoining land is used as a monument and there is a discrepancy between the line of actual ownership and the line of actual occupation, there seems to be a distinct conflict between the cases. Frost v. Spaulding, 19 Pick. 445. Cornell v. Jackson, 9 Met. 150. Sparhawk v. Bagg, 16 Gray 583. In Frost v. Spaulding it is to be noticed that the head note and the opinion differ materially. In that case the line in question ran to "land of M," no monument being mentioned other than the land of M, thence by said M land to a stump and stones. The parties went on the ground immediately after the sale, and monuments were pointed out which, as a matter of fact, fell short of the true line of land of M. It was held that the monuments, though not referred to in the deed, were pointed out as boundaries immediately after the sale, were considered by the parties as such, and must control. It is to be noted, however, that the line of "land of M" was uncertain, and the court adds that that line is still undetermined. It seems to me that this is the point in the whole case. It is also to be noted however that this case is cited in the nearly contemporary case of Magoon v. Lapham, 21 Pick. 135, as merely being a case in which, it being evident that a mistake had been made as to the

boundaries and the deed being uncertain, parol evidence may be admitted, and the intention of the parties ascertained and carried out, whether the monuments govern the distances or the distances govern the monuments. In Cornell *v.* Jackson the deed bounded by " land of T," and there was a line of occupation different from the line of ownership. It was held that the line of ownership governed, and then follows a ·dictum that if the grantee wanted the line of occupation he should have required a reference to it in the description, or, at least, he should be able to prove that the monuments on this line were pointed out as indicating the limits of owner- ship at the time of the sale; and that such evidence would be admissible under Frost *v.* Spaulding. In Sparhawk *v.* Bagg, where the boundary ran by " land of T," and T owned to a definite line but had possession and had fenced to a line 16 feet further, it was held that by " land of T " his true line was meant. The question discussed was not a question, how- ever, of a boundary line as a monument, but merely a ques- tion of·whether the deed did or did not convey the grantor's title. to the 16 foot strip, and was rather a distant forecast of Wishart *v.* McKnight, 178 Mass. 356, s. c. 184 Mass. 283.

In Cleaveland *v.* Flagg, and Iverson *v.* Swan, there was no fence alluded to in the deed or contemporaneously pointed out as the monument, nor was the fence set up with the view of making it a monument, nor was there any ambiguity in the deed. Neither had the fence stood long enough to amount to a disseisin. The fence had simply been erected on the wrong line; the true line was capable of being pre- cisely ascertained, and there was no element of estoppel. Cleaveland *v.* Flagg, 4 Cush. 76. Iverson *v.* Swan, 169 Mass. 582. In Coyle *v.* Cleary and Percival *v.* Chase the " true line " was no longer the old deed line. It was not a question of variance from the deed line, but a new line had been acquired by adverse possession and had become the

true line.    Coyle *v.* Cleary, 116 Mass. 208.    Percival *v.* Chase, 182 Mass. 371, 377.

From all of the cases I am of opinion that (aside from any question of estoppel) where the land of a third party is referred to as a monument, if it is a definite monument its location may be shown and will control, but if it is not a definite monument capable of being precisely ascertained the intention of the parties may be shown by their acts or other suitable evidence.    In the cases at bar the land of the adjoining owner was not a definite monument.    Where the true line of such land was located, was not only not definite at that time but has been in dispute between the parties in these very proceedings.    I think that it is competent to show that the parties went upon the ground and pointed out and adopted the fence as governing what they meant by land of the adjoining owner;  and so with the red cedar post on Brighton street and the post in the rear as marking the boundary on the other land of the grantor.

W. H. H. Tuttle for petitioner.

Walter Soren, H. M. Burton and G. L. Wilson for respondents.