# CASES

## IN THE

# SUPREME JUDICIAL COURT

## OF THE

# STATE OF MAINE.

JAMES W. PEASLEY *vs.* SUMNER S. DRISKO.

SAME *vs.* BION TIBBETTS.

Washington. Opinion Sept. 25, 1906.

*Deeds. Description. Construction.*

1. The rule that a later specific description controls a prior general description in a conveyance of land is limited to the evident subject matter of the conveyance. It does not require the inclusion of other matter.

2. In the description of the land to be conveyed by a deed the expression "the same deeded to me by B." may only indicate the source of the grantor's title, or locate and identify the parcel intended to be conveyed. It does not necessarily adopt all and singular the boundaries named in the deed referred to.

3. In this case the land to be conveyed was described in the deed as follows: "Also one other lot of meadow land lying on the Main Indian River Stream the same deeded to me by John Burns, meaning and intending to convey all my right in fresh meadow lands on both streams." In the deed from Burns the land conveyed was described by metes and bounds which included meadow and upland.

The meadow was only about one-fifth of the parcel described and the line of demarcation between the upland and the meadow was plainly visible.

*Held:* that the subject matter of the conveyance was meadow land only; that the reference to the deed of Burns was merely to identify or show the location of the meadow land; and that the upland included in the boundaries named in the Burns' deed, did not pass by the deed in question.

VOL. CII 2

On exceptions by plaintiff.    Overruled.

Trespass quare clausum fregit alleging that the defendant broke and entered the plaintiff's close in Jonesport and picked and carried away and converted to his own use 200 quarts of blueberries growing in said close.    Plea, the general issue.

Heard at the January term, 1906, of the Supreme Judicial Court, Washington County, by the presiding Justice, without the intervention of a jury, with the right to except.

The plaintiff's close is described in his writ as "the land lying on the Main Indian River Stream, within the limits of Lot numbered 12, as according to B. R. Jones survey and plan of Township No. 22." The defendant admitted that he picked the blueberries on said Lot numbered 12, but claimed that he picked them on upland, within the limits of the land described in the writ, to which upland the defendant claimed title as an heir of one Timothy Drisko. The plaintiff claimed title under a mortgage given by said Timothy Drisko to one Stephen Reynolds. (The description of the premises conveyed by said mortgage fully appears in the opinion.) The parties agreed that their rights depended "upon the interpretation of and the construction of the description" contained in the aforesaid mortgage given by said Timothy Drisko to said Stephen Reynolds. The presiding Justice ruled that the mortgage conveyed only the meadow land part of the lot and not the upland part. To this ruling the plaintiff excepted.

The gist of the case appears in the opinion.

*A. D. McFaul*, for plaintiff.

*H. H. Gray*, for defendants.

SITTING : EMERY, WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

EMERY, J. In the granting clause of a deed of real estate from Timothy Drisko to Stephen Reynolds the description of the land is as follows : "A certain piece of meadow land situated, lying and being in the town of Jonesport in said county and bounded and

described as follows (viz) one lot on Steel Meadow Brook so called, being the same I bought of Isaac N. McCaslin. Also one other lot of meadow land lying on the main Indian River Stream, the same deeded to me by John Burns, meaning and intending to convey all my right in fresh meadow lands on both streams." In the granting clause of the deed last referred to (John Burns to Timothy Drisko) the description is as follows : " A certain piece or parcel of land situated in Jonesport in said county and State, bounded as follows : by Indian River Stream on the west a short distance below the Rogers Meadow Brook so called ; on the south by land of the said Timothy Drisko and Barnabas B. Leighton ; on the east by Lot 12 in the Third Range ; and on the north by land of Joseph Emerson in No. 11 in the Second Range ; containing 50 acres more or less." The boundaries named in this last named description (Burns to Drisko) include both upland and meadow land. It appears from the evidence that there is a distinct line of demarcation between the two, and that the meadow land is not over one-fifth of the whole. The determining question is whether the language of the whole description in the deed from Timothy Drisko to Stephen Reynolds shows an intention to convey the whole of the 50 acre lot described in the deed from John Burns to Drisko, or only the meadow land part of it.

The plaintiff contends (1) that the description in the deed Burns to Drisko is to be read as a whole into the deed Drisko to Reynolds, and (2) that when so read into the latter deed, it fixes the boundaries of the lot to be conveyed, under the rule that a later specific description controls a prior general description. But the reading into the description the words in the deed referred to does not read out of it the other words in the description. The reference to another deed does not necessarily make the boundaries named in that deed the boundaries of the lot named in the first deed. The language may show that the reference was only to state the source of the title, or to identify the lot, and not for statement of boundaries. *Brunswick Sav. Inst.* v. *Crossman,* 76 Maine, 577, at p. 585 ; *Lovejoy* v. *Lovett,* 124 Mass. 270. Again, the rule invoked is limited to the evident

subject matter of the conveyance. It does not require the inclusion of other matter. Thus, if A. writes: "I grant White acre, the same deeded to me by B," and the deed of B. included Black acre with White acre, it does not follow that A. has granted Black acre also. So if A. should write "I grant a certain parcel of flats, the same deeded to me by B." and the deed of B. included upland and flats in one description it would not follow that A. had granted the upland as well as the flats especially if the upland was five times the extent of the flats.

In this case it seems evident to us that the subject matter of the deed Drisko to Reynolds was meadow land only, and that the reference to the Burns' deed in the description of the second lot was not to state its boundaries, but merely to identify it, to show its place on Indian River Stream. The first lot is specifically described as "a piece of meadow land." The second lot is also specifically described as "One other lot of meadow land." The description then closes with the words: "Meaning and intending to convey all my right in fresh meadow on both streams." The whole description is so plainly limited to meadow land, it should not be enlarged to include a much larger tract of upland merely because of the reference to a deed which conveyed meadow land and also upland. The language is not so explicit as to require it. Grammatically, the word "same" may refer to "meadow land" as well as to "lot," and even if it refers to "lot," that "lot" is still a "lot of meadow land."

*Exceptions overruled.*