Wilde, J.,
delivered the opinion of the Court.
The plaintiff claims as assignee upon a conveyance of lands made by the defendant to one Hitchings, with the usual covenants; and it is agreed by the parties, that judgment shall be rendered for the plaintiff, if, on the facts stated, he is entitled to recover on any one of the covenants in the original deed. The counsel for the plaintiff relies upon a breach of two of these covenants, namely, that against encumbrances, and the one for quiet enjoyment or general warranty.
As to the first, the objection is, not that the covenant has been kept, but that it was broken previous to the assignment to the plaintiff; and being a chose in action, it was not assignable by the common law.
*476 The ground of this objection has been frequently held valid by this Court.—2 Mass. Rep. 455, Bickford vs. Page.—12 Mass. Rep. 304, Wyman vs. Ballard. The same point was determined in the case of Lewis vs. Ridge, Cro. Eliz. 863, and by a [ * 589 ] majority of the court in the case of Greenly * & Al. vs. Wilcocks, 2 Johns. 1. A similar doctrine is laid down by Comyns, Dig. Covenant, B. 3. It, however, depends upon a rule of the common law, for the avoidance of maintenance; the good sense of w hich judge Butter, in the case of Master vs. Millar, 4 D. & E. 340, thought very questionable. He even pronounces it not only a quaint maxim, but a bad one; which he says the courts of equity, from the earliest times, thought too absurd for them to adopt. However this may be, it is a rule of the common law, and must be held binding. But we are not disposed to apply it to cases not coming within the reason of the rule; and we are inclined to the opinion, that the present is a case of that description.
There was a breach of the covenant, it is true, before the assignment; but for this breach Hitchings could only have recovered nominal damages. The actual damages accrued after the assignment. They were sustained by the plaintiff, and not by Hitchings ; who has no interest in them, except what arises from his covenants with the plaintiff. But suppose there had been no such covenants, or suppose Hitchings to be insolvent; then, unless the plaintiff can maintain the present action, he is without remedy. This certainly would not be right; nor do I think that such is the law. It seems to me that, if the present case required a decision upon this point, we might be well warranted in saying, that the covenant against encumbrances, notwithstanding the breach, passed to the assignee; so as to entitle him to an action, for any damages he might sustain after the assignment; because the breach continued, and the ground of damages has been materially enlarged since that time; so that the plaintiff’s title does not depend upon the assignment of a mere chose in action. He is principally interested in the covenant; and those covenants run with the land, in which the owner is solely or principally interested, and which are necessary for the maintenance of his rights. Covenant lies by an assignee, on every covenant which concerns the land.—Com. Dig. Covenant, B. 3. —Mo. 242 (2). [ * 590 ] * But it is unnecessary to give a decided opinion upon this point; as we have no doubt that the plaintiff is en *477 titled to judgment upon the other covenant. And in the first place, it is observable that the words of the covenant are, “ to warrant and defend [the premises] against the lawful claims and demands of all persons; ” and it is agreed that, before and at the time of the grant to Hitchings, there was a claim on the land, by way of mortgage; that after the assignment the mortgagee demanded possession of the plaintiff, or the payment of the debt due on the mortgage, and that he, to avoid a suit, with which he was threatened, and against which he could not defend himself, paid the sum due by the mortgage. Against this claim, therefore, Baker has not defended him, according to the express words of the covenant; and it would seem, that there could be no question as to the breach, unless these words have some technical meaning, different from their common and obvious import.
But it has been insisted, by the counsel for the defendant, that covenants for quiet enjoyment, and a general warranty, extend only to cases of eviction. This proposition is, however, too limited. An ouster or expulsion is equivalent to an eviction by legal process; as has been frequently determined.—3 Saund. 181, b. note 10.—4 D. & E. 617, Foster vs. Pierson.—4 Mass. Rep. 352, Hamilton vs. Cutts & Al. And so is any lawful disturbance or interruption, by a stranger having a paramount title. But some particular act must be shown, by which the plaintiff is interrupted; for otherwise the breach of a covenant for quiet enjoyment is not well assigned.—3 Saund. ubi supra.—Comyn’s Rep. 228.—8 Co. 181, Fraunces’s case.—If the plaintiff, therefore, had voluntarily dis charged the mortgage, without any previous demand made, his only remedy would have been on the covenant against encumbrances.
But a demand having been made, the plaintiff might have yielded to the dispossession; and such an ouster would have entitled him to his remedy on the covenant of * warranty; [ * 591 ] as was decided in Hamilton vs. Cutts & Al. “ There is no necessity,” says Parsons, C. J., in that case, “ for him ” [the plaintifl] “ to involve himself in a lawsuit, to defend himself against a title, which he is satisfied must ultimately prevail.” If the plaintiff, in the case at bar, had formally yielded possession, and immediately after had extinguished or purchased in the mortgage, he might have recovered against the defendant, on the authority of Hamilton vs. Cutts & Al. There is nothing to distinguish the two cases, but a point of form, which does not affect the merits of the question. The plaintiff has been disturbed in the enjoyment of his possession, by a lawful and paramount claim ; and he has been compelled to purchase in another title, for his own security; which we think£ *478 very clearly, has been a lawful interruption, and a breach of the covenant for quiet enjoyment (3).
According to the agreement of the parties, judgment must be rendered for the plaintiff.

Defendant defaulted.

 [Vide Kingdon vs. Nottle, 1 M. & S. 355.—King vs. Jones, 1 Marsh. 107.—5 Taunt. 418.—Ed.]

 [Queere de hoc. Is this equivalent to an eviction ?—Ed.] -