## EMORY BURRAGE *versus* JOSEPH SMITH.

Where a woodlot was conveyed by the defendant to the plaintiff with a covenant of warranty, it was *held*, in an action by the plaintiff for the breach of such covenant, that P, who had conveyed the same land to E and J by a warranty deed, was a competent witness to prove, that he entered on the land, as the agent of E and J for the purpose of evicting the plaintiff.

In the same action, it appeared that P was the agent of E and J, (who had, in fact, the paramount title,) in the care of the woodlot, and that he was authorized to cut wood upon it ; and that he accordingly entered and cut wood thereon, the plaintifl not being present. It was *held*, that this was sufficient proof of an ouster of the plaintiff, under a paramount title, although P had no power of attorney or authority in writing from E and J, and no special authority from them to oust the plaintiff, . and although P did not declare, that he entered for that purpose ; and, as this was a lawful disturbance of the plaintiff, that the covenant of the defendant was broken thereby.

The plaintiff having averred in the declaration, and proved, that such entry was made, it was *held*, that it was not necessary to prove that notice of the entry was given by P to the plaintiff ; and that it would be presumed, that he had knowledge of such entry before the action was brought. Nor is it necessary for the plaintiff, in such action, to prove that notice had been given to the defendant, that the plaintiff had been evicted under a claim of paramount title, and that he had yielded or proposed to yield to it.

COVENANT broken. The plaintiff relied upon the breach of the covenant of warranty in a deed, by which the defendant conveyed a small tract of woodland to Thomas Burrage, who afterwards conveyed the land and assigned the covenant to the plaintiff. The action was commenced on September 11, 1832. The plaintiff averred, that as to a portion of tne 'and conveyed and warranted, Elisha and Joshua Vose had a

good title, in fee, under which they entered and ousted the plaintiff.

At the trial, before *Shaw* C. J., the plaintiff offered evidence to prove, that the premises were part of the estate of Mr. Sprague of Lancaster, who, as the plaintiff alleged, died seised thereof, and, in the division of his estate, were set off to his daughter, Anna, who was married to Peter T. Vose; and that Peter T. Vose and his wife, by a warranty deed, conveyed the premises to Elisha and Joshua Vose.

The plaintiff then offered Peter T. Vose as a witness; but he was objected to, on the ground of interest. This objection was overruled, and the question reserved for the consideration of the whole Court. Peter T. Vose thereupon testified, that he was the agent of E. and J. Vose in the care and management of the woodlot, and was authorized to cut the wood upon it; but that he had no power of attorney from them, nor any authority or instructions in writing on the subject; that, about the year 1831, he went upon the premises, and found the plaintiff there cutting wood, and forbade him from so doing. There was some evidence tending to show, that the plaintiff knew that Peter T. Vose was acting in behalf of E. and J. Vose.

Peter T. Vose further testified, that in June 1832, and after the decision of a cause, in which the title to the premises was collaterally drawn in question between the plaintiff and a third person, the witness, still considering himself acting as the agent of E. and J. Vose, entered and cut wood upon the land. It did not appear that, after that time, the plaintiff ever entered or claimed title to the premises.

The defendant objected to the plaintiff's right to recover, for the following reasons:

1. Because the entry of Peter T. Vose under his general authority to take care of the land, he having no power of attorney or authority or instructions in writing from E. and J. Vose, and no special authority from them to enter upon the plaintiff for the purpose of ousting him, was not an entry by title paramount and an ouster of the plaintiff by them.

2. Because no notice was given by P T. Vose to the plaintiff, that he had entered upon the land as the agent of

E. and J. Vose, under their paramount title; and because no notice of any kind was given by P. T. Vose to the plaintiff, that he had entered; there being only evidence tending to show, that the plaintiff previously knew of their claim of title, and the grounds of it.

3. Because no notice was given by the plaintiff to Peter T., or to E. and J. Vose, that he assented to their entry, or that he acknowledged or yielded to their claim of paramount title; it only appearing, that he did not afterwards controvert it, or enter on the land, or do any other act of ownership.

4. Because no notice was given by the plaintiff to the defendant, that E. and J. Vose had entered under a claim of paramount title, or that the plaintiff had acknowledged and yielded, or proposed to acknowledge and yield to it; and because no claim was made upon the defendant, nor notice given to him, to defend and warrant his title, before the commencement of this action; there being only some evidence tending to show, that, previously to the entry of P. T. Vose, in June 1832, the defendant knew that E. and J. Vose claimed title to the land.

These objections were severally overruled, and reserved for the consideration of the whole Court.

It was also objected, that there was no evidence, that the plaintiff knew of the entry of E. and J. Vose by P. T. Vose, prior to the commencement of this action; but as such entry was averred in the declaration, and as it was proved that such entry was made, it was ruled, that this was sufficient evidence, from which the jury might presume a knowledge of such entry before the action was brought.

The jury returned a verdict for the plaintiff.

If any one of these rulings was erroneous, the verdict was to be set aside, and a new trial granted; otherwise, judgment was to be entered on the verdict.

*Oct 3d.* *Washburn* and *Smith,* for the defendant. Peter T. Vose was an incompetent witness, he being directly interested as warrantor in supporting the title of E. and J. Vose. If the plaintiff should recover, in the present suit, it would prevent an action from being brought against the witness. *Loker* v

*Haynes,* 11 Mass. R. 498 ; *Twambly* v. *Henley,* 4 Mass. R. 441 ; *Jackson* v. *Hollenback,* 2 Johns. R. 394 ; *Jackson* v. *Delancy,* 4 Cowen, 427 ; *Howard* v. *Chadbourne,* 3 Greenl. 461 ; *Baker* v. *Sanderson,* 3 Pick. 348 ; *Bowman* v. *Whittemore,* 1 Mass. R. 244 ; *Griffin* v. *Brown,* 2 Pick. 303.

The entry of Peter T. Vose was not sufficient to defeat the seisin of the plaintiff, and to entitle him to recover against the defendant, for a breach of covenant. In order to effect this, there should have been an entry, in the name of E. and J. Vose, and with an intent to oust, and an actual eviction. Besides, Peter T. Vose was not authorized to oust the plaintiff, and, so far as he exceeded his authority, his acts were void. 4 Kent's Comm. 470, 474 ; Paley on Principal and Agent, 150, 152 ; *Combes's case,* 9 Coke, 77 ; 3 Amer. Jurist, 67 ; *Snow* v. *Perry,* 9 Pick. 542 ; Stearns on Real Actions, 43 ; *Clerke* v. *Pywell,* 1 Wms's Saund. 319, note ; *Proprietors of the Kennebec Purchase* v. *Springer,* 4 Mass. R. 416 ; *Proprietors of No. Six* v. *McFarland,* 12 Mass. R. 325 ; *Higbee* v. *Rice,* 5 Mass. R. 344 ; *Sprague* v. *Baker,* 17 Mass. R. 590 ; *Kortz* v. *Carpenter,* 5 Johns. R. 120 ; *Waldron* v. *McCarty,* 3 Johns. R. 464 ; 4 Dane's Abr. 343 ; *Emerson* v. *Proprietors of Land in Minot,* 1 Mass. R. 464 ; *Bearce* v. *Jackson,* 4 Mass. R. 408 ; *Hamilton* v. *Cutts,* 4 Mass. R. 349.

If Peter T. Vose had sufficient authority to oust the plaintiff, his entry was not an eviction ; no notice thereof having been given to the plaintiff. *Pray* v. *Pierce,* 7 Mass. R. 381. The plaintiff had no right to elect to be disseised, as the rights of third persons would be affected thereby. The plaintiff should have given the defendant notice of his intention to yield up the possession, in order that the defendant might compromise, if he should deem it expedient. Stearns on Real Actions, 132.

*Newton, Torrey* and *N. Wood,* for the plaintiff, as to the competency of the witness, cited *Ely* v. *Forward,* 7 Mass. R. 25 ; *Phillips* v. *Bridge,* 11 Mass. R. 242 ; *Smith* v. *Blackham,* 1 Salk. 283 ; *Braintree* v. *Hingham,* 17 Mass. R. 432 ; *Adams* v. *Barnes,* 17 Mass. R. 365 ; as to the sufficiency of the entry by P. T. Vose, they cited *Fishar* v.

*Prosser*, Cowp. 217 ; *Jenkins* v. *Hopkins*, 8 Pick. 346 *Hamilton* v. *Cutts*, 4 Mass. R. 349 ; *Tolman* v. *Emerson*, 4 Pick. 160 ; as to the objection, that no notice was given by the plaintiff to Peter T. or E. and J. Vose, of his yielding to their claim of paramount title, they cited *Hamilton* v. *Cutts*, 4 Mass. R. 349 ; to the objection, that no notice of the entry was given to the defendant by the plaintiff, and no demand made upon him to warrant his title, before the commencement of the present action, they cited *Gore* v. *Brazier*, 3 Mass. R. 523.

*April term 1835.*

WILDE J. delivered the opinion of the Court. This was an action of covenant broken, brought by the assignee of the grantee of a small parcel of land against the original grantor ; and the plaintiff relies on an ouster by Elisha Vose and Joshua Vose, they having a paramount right and title.

To prove the ouster, the plaintiff called Peter T. Vose, who, with his wife Anna, conveyed the premises with warranty to E. and J. Vose ; and he was admitted, notwithstanding the objection of the defendant to his competency. And we think he was rightly admitted, as he had no direct interest in the event of the cause, and the verdict and judgment, if the defendant should have prevailed in this case, could not be given in evidence against the witness in an action on his warranty. It would not appear but that the plaintiff's action failed for want of proof of an ouster. It would not prove that E. and J. Vose had no right to enter.

But the principal objection relied on by the counsel for the defendant is, that there was no sufficient proof of an ouster. We think, however, that the evidence is sufficient and fully sustains the verdict.

The case shows that E. and J. Vose's title was decided in their favor in the spring of 1832. It is not so expressly reported, but the fact has been so stated and not denied.

The witness entered in June next after, and cut wood as the general agent of E. and J. Vose ; and he was authorized so to enter and cut wood by E. and J. Vose, as the witness testified. A written power was not necessary. Nor was it necessary for the witness to declare, that he entered to oust or dispossess the plaintiff The plaintiff was not present

and such a declaration would be *vox et preterea nihil.* *Tolman* v. *Emerson,* 4 Pick. 163. And moreover, the entry and cutting by the agent of E. and J. Vose was a lawful disturbance, and so a breach of the defendant's covenant. *Sprague* v. *Baker,* 17 Mass. R. 590 ; *Wotton* v. *Hele,* 2 Saund. 181 ; *Waldron* v. *M'Carty,* 3 Johns. R. 464 ; *Kortz* v. *Carpenter,* 5 Johns. R. 120.

The right of E. and J. Vose to enter and cut wood was not questioned. If they had no right to enter and cut, then indeed this action could not be maintained. But the trial proceeded on the ground, that they had the right, and it is not now denied. But it is contended, that there should have been proof of notice to the plaintiff, of the disturbance. This is to be presumed from his bringing the action ; indeed the averment in the declaration shows, that the plaintiff had knowledge of the ouster or disturbance, and relied on it as a breach of the defendant's covenant.

Then it was objected, that there was no evidence of notice to the defendant of the disturbance, and that the plaintiff had yielded to it. But no such evidence was necessary. By bringing the action the plaintiff shows, that he had submitted to the paramount right of E. and J. Vose. He had undoubtedly a right so to submit, without bringing a fruitless action.

*Judgment according to verdict.*