WILLIAM A. BRADSHAW *vs.* EVELINE CROSBY.

Middlesex.   January 17, 1890. — February 27, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Case stated — Breach of Covenant against Incumbrances — Damages
— Burden of Proof.*

A grantor covenanting against incumbrances paid, at the grantee's request, a subsisting mortgage on the granted premises. The grantee thereupon brought an action to recover for outlays alleged to have been incurred by him because of the incumbrance, consisting of the expense of the action, of interest paid on a mortgage note of his own, of charges for lost time, horse-car fares, and the like, and for drawing and recording an assignment and discharge of the mortgage. *Held*, that the grantee was entitled to recover only the amounts paid by him for drawing and recording the discharge.

CONTRACT, on an account annexed, to recover certain expenses alleged to have been incurred by the plaintiff because of incumbrances on land conveyed to him by the defendant. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, as follows.

On May 12, 1884, the defendant conveyed the land in question to the plaintiff, for seven hundred and fifty dollars, by a deed containing the usual covenant against incumbrances, and the plaintiff mortgaged the land on the same day for six hundred dollars, with interest at six per cent per annum. The

plaintiff also mortgaged his personal property for one hundred dollars, with interest at the rate of thirty-three and one third per cent per annum. Subsequently the plaintiff discovered that the land was subject to two mortgages given by the defendant, one of them to one Harris. The defendant thereupon, at the plaintiff's request, paid off both these mortgages before this action was brought. During the time that these incumbrances existed on the premises, and until they were removed, the plaintiff was put to actual expense in the sum of $73.82, as shown in his bill of particulars. The bill of particulars consisted of thirteen items, which were set forth without explanation. The first six items were for "three days lost time"; for "horse hire, visiting Harris"; for "cash paid Charles R. Damon for services"; for "cash paid horse-car fares"; and for "six months' interest paid on" each of the two mortgages given by the plaintiff. The other seven items were for "cash paid for legal services," which included payments for "legal services and advice"; for "drafting two discharges of mortgage $1.00," and "drafting assignment of mortgage"; for "writ in suit for breach of warranty," and for "service of writ"; and for the recording "of discharges of mortgage $0.70," and of "assignment of mortgage."

*F. M. Forbush*, for the plaintiff.

*G. D. Tower*, for the defendant.

KNOWLTON, J. A difficulty in this case grows out of the obscurity and indefiniteness of the agreed statement of facts; but the amount in dispute is small, and neither party would profit by a discharge of the statement and a further hearing.

The covenant against incumbrances was broken by the existence of two mortgages on the estate conveyed, and on that account a right to sue and recover nominal damages immediately accrued to the plaintiff. For a breach of a covenant against incumbrances in a deed of real estate, if the incumbrance is a mortgage or lien which can be discharged by the payment of money, and which does not interfere with the enjoyment of the property by the grantee, the law gives only nominal damages if nothing has been done towards the removal of the incumbrance. *Prescott* v. *Trueman*, 4 Mass. 627. *Clark* v. *Swift*, 3 Met. 390. *Harlow* v. *Thomas*, 15 Pick. 66. *Tufts* v. *Adams*, 8 Pick. 547.

*Batchelder* v. *Sturgis*, 3 Cush. 201. If the plaintiff has paid off the incumbrance at any time before the trial, he may recover what he has fairly and reasonably paid for that purpose, not exceeding the value of the estate. *Leffingwell* v. *Elliott*, 10 Pick. 204. *Johnson* v. *Collins*, 116 Mass. 392. *Smith* v. *Carney*, 127 Mass. 179. Where the incumbrance is of a kind which affects the owner in the enjoyment of the estate, the measure of damages is a just compensation for the real injury resulting from it. *Wetherbee* v. *Bennett*, 2 Allen, 428. *Bronson* v. *Coffin*, 108 Mass. 175.

Whether the plaintiff in this action can recover more than nominal damages depends upon the construction of the statement of facts. It is agreed that the defendant, and not the plaintiff, removed the incumbrances. It is also agreed that, while the incumbrances existed, " the plaintiff was put to actual expense in the sum of $73.82, as shown in his bill of particulars." The burden of proof is on the plaintiff, and there is nothing but the bill of particulars itself to show what relation, if any, these items had to the incumbrances. The items for interest paid on the plaintiff's own mortgage notes, and for legal expenses connected with the enforcement of his rights, are plainly too remote, and cannot be allowed. *Harrington* v. *Murphy*, 109 Mass. 299. *Leffingwell* v. *Elliott*, 10 Pick. 204. The charges for lost time, horse hire, cash paid Damon, and horse-car fares, when considered in connection with the statement that the defendant removed the incumbrances, do not appear to have been for expenses fairly and reasonably incurred in procuring the removal, and must be disallowed. We cannot understand, and there is nothing to inform us, how it was necessary to draft or record an assignment of a mortgage. We infer from the language of the bill of particulars, and from the argument, that the two discharges of mortgages were to discharge the incumbrances on the record, and that these were procured and recorded at the expense of the plaintiff. It was reasonable that the mortgages should not only be paid, but discharged ; and the plaintiff should be allowed for his payments for drafting and recording these discharges.

The provisions of the Pub. Sts. c. 126, § 18, do not enlarge the rights of the plaintiff in the present case. That section

gives a right to recover to a "grantee, his heirs, executor, administrator, successors or assigns, for all damages sustained in removing" from the record what there appears to be an incumbrance upon an estate conveyed by a deed containing a covenant that it is free from incumbrances. In estimating damages under this section, the same principles are applicable as in cases at common law, where an incumbrance has been removed by a grantee who sues on his covenant.

The plaintiff is entitled to recover one dollar and seventy cents, with interest from the date of the writ.

*Judgment accordingly.*