GEORGE W. GALLISON *vs.* IRVING G. DOWNING, executor.

Essex.     November 14, 1922. — February 26, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Equitable Restriction. Easement,* Of drainage. *Deed,* Covenant against incumbrances, Warranty of title. *Contract,* Performance and breach. *Practice, Civil,* Premature action.

A covenant against incumbrances contained in a deed of land is broken as soon as made if the land when conveyed was subject to a valid building restriction, and a right of action for such breach accrues at once to the grantee named in the deed.

A covenant against incumbrances, broken as above described, does not run with the land and at common law a subsequent grantee cannot maintain an action for its breach against the covenantor.

A covenant of warranty to defend title in a deed of land looks to the future and, until broken, runs with the land in favor of each successive grantee against all preceding covenantors, each of whom is bound to a subsequent covenantee to make satisfaction for a breach. Per RUGG, C.J.

There is no breach of a warranty to defend title contained in a deed of land until some grantee has been evicted in that he has been deprived of the enjoyment of the whole or of a part of the granted premises by a paramount title.

The eviction which constitutes a breach of a warranty of defence of title contained

in a deed of land may be brought about by yielding to a title which is in fact superior to that which the deed purported to convey, or by a final judgment of court declaring as matter of record the superiority of the paramount title, or by the physical compulsion of legal process issued in support of such paramount title.

An action for breach of a covenant of warranty of defence of the title contained in a deed of land is brought prematurely if the breach relied on is a restriction against the maintenance of a building upon a certain portion of the land and the plaintiff, while he refuses to yield to a claim based on the restriction and waits to bring his action against the covenantor until in a suit in equity to enforce the restriction an injunction *pendente lite* has been issued against him, nevertheless brings it before a final decree against him has been entered.

CONTRACT with a declaration in two counts, the first count being for breaches of a covenant against incumbrances contained in a deed to one Mary Kelleher, a predecessor in title to the plaintiff, and the second count being for breaches of a covenant of warranty to defend title contained in the same deed. Writ dated December 14, 1915.

The defendant originally named in the writ was Susan A. Downing. During the pendency of the action, her death was suggested and Irving G. Downing, the executor of her will, was admitted to defend the action.

The action came on for trial before *Dubuque*, J. Before the jury was empaneled counsel for the defendant raised the questions of law, whether the action could be maintained at all on the first count and whether it was prematurely brought as to the second count. After argument of counsel on the questions of law involved and after offer of proof of the facts described in the opinion, a jury was empaneled and the trial judge, subject to exceptions by the plaintiff, instructed the jury as follows: "As a matter of law the plaintiff cannot succeed in his action on the first count of his declaration, for a breach of the covenant against incumbrances, against the present defendant, and as to the second count for breach of warranty, his action is prematurely brought; wherefore, I direct a verdict for the defendant on both counts." A verdict for the defendant was returned as directed; and the judge reported the case to this court "for decision on the above questions of law." If his rulings were correct, judgment was to be entered for the defendant, and, if wrong, the action was to stand for trial.

*G. Alpert*, (*J. E. Hannigan* with him,) for the defendant.

*F. H. Magison*, for the plaintiff, submitted a brief.

RUGG, C.J.    This is an action of contract to recover damages for breach of covenants in a deed.    In 1868 land was conveyed subject to the restriction that no building should be erected thereon within fifteen feet of one street or ten feet of another street.    In 1908 Susan A. Downing (who will hereafter be called the defendant although she has deceased since the bringing of the action and the defence is conducted by her executor) was the owner of a part of this land located at the corner of said streets.    By deed of September 10, 1908, she conveyed her land to Mary Kelleher with the usual warranties that it was free and clear of all incumbrances, without mention of the restrictions.    Mary Kelleher conveyed the same land to the plaintiff by her deed of June 16, 1913, with the usual warranties and without mention of restrictions.    The plaintiff, after commencing excavation for the foundations of a building, the precise location of which does not appear, to be erected on the land, was notified of the building restrictions on November 17, 1915, by owners of the land to which the easement of the restrictions was appurtenant, with the further statement of their understanding that he was contemplating the erection of a building within the prescribed limits.    Upon receipt of this notice the plaintiff abandoned work on the premises.    Notice of the building restrictions and of an alleged incumbrance on the land of a right of drainage was given on November 24, 1915, by the plaintiff to the defendant.    On December 13, 1915, suit in equity was filed by the owners of land to which the building restrictions were appurtenant to restrain the plaintiff from proceeding further in the construction and erection of his building.    On the following day, notice of that suit was given by the plaintiff to the defendant and an interlocutory decree restraining the defendant from violating the restrictions was entered, and the present action was begun. Final decree in that suit was entered on April 6, 1917, establishing the validity of the building restrictions and perpetually enjoining the defendant therein, the present plaintiff, from erecting on his land any building at a less distance from said streets "than the present structure" or otherwise violating the restrictions.

On December 22, 1915, the owner of the right to maintain a drain through the land in question brought a suit in equity against the plaintiff seeking to restrain him from interfering with the drain.    Final decree in that suit was entered on April 6, 1917,

establishing the right of the plaintiff therein to maintain the drain, and enjoining the defendant therein, the present plaintiff, from interfering with or changing the drain.

Damages are sought in the present action for the breach of the covenant against incumbrances and of the warranty to defend title contained in the deed from the defendant to Mary Kelleher.

The covenant against incumbrances in the deed from the defendant to Mary Kelleher was broken as soon as made because of the valid building restrictions existing at that time. Right of action for its breach then accrued to Mary Kelleher. That covenant thus broken did not run with the land, and action on it cannot be brought by a subsequent grantee. At common law that right of action was not assignable, and Mary Kelleher's right to sue did not pass to her grantee. The plaintiff cannot recover upon evidence which shows a right of action in Mary Kelleher, his grantor. *Bickford* v. *Page*, 2 Mass. 455. *Clark* v. *Swift*, 3 Met. 390, 392. *Ladd* v. *Noyes*, 137 Mass. 151. *Carter* v. *Peak*, 138 Mass. 439. *Smith* v. *Richards*, 155 Mass. 79.

The easement of the building restrictions was not only an incumbrance which worked a present breach of the covenant against incumbrances in the deed of the defendant to Mary Kelleher; it was also a paramount right which might work at a later time breach of the covenant of warranty. The covenant of warranty extends to such a right and the right may be so exercised as to constitute a breach of the covenant of warranty. The covenant of warranty looks to the future and until broken runs with the land. Whenever the assignee or subsequent grantee of the land is evicted by paramount title, or is so disturbed in his title and possession by one having a paramount title as to be equivalent to an actual eviction or ouster, he has his remedy against the covenantor even though such covenantor is not his immediate grantor. Eviction is that which constitutes a breach of the covenant of warranty. When an eviction occurs, it is a breach of the covenant of warranty made by each of successive covenantors, whose covenants have all passed with the land and each is bound to a subsequent covenantee to make satisfaction for the breach. *Thayer* v. *Clemence*, 22 Pick. 490, 494. *Whitney* v. *Dinsmore*, 6 Cush. 124, 128. *Kramer* v. *Carter*, 136 Mass. 504, 508.

There is nothing in the record to show when the incumbrance

of the right to maintain the drain came into existence. It does not appear that that was an incumbrance at the time of the defendant's deed. The allegation in the bill of complaint in the suit against the present plaintiff that the owner had peaceably and uninterruptedly used the drain since July 5, 1893, might give color to a suggestion that the right to maintain was acquired by prescription ripening into a right after the date of the defendant's deed. However that may be, and making no intimation concerning the subject, it cannot be said that the right to sue for that breach of warranty occurred when the defendant's deed was given and hence under authorities already cited did not pass to the plaintiff. For the purposes of this decision assumption in this particular is made in favor of the plaintiff.

The provisions of G. L. c. 184, § 22, have no pertinency to the facts here disclosed. It there is enacted that the grantor in a deed with covenant against incumbrances "shall, if it appears by a public record that an actual or apparent encumbrance, known or unknown to him, exists thereon, be liable in an action of contract to the grantee, his heirs, executors, administrators, successors or assigns, for all damages sustained in removing the same." The plaintiff has not removed the incumbrances. They continue to exist and have been established by the decrees in the equity suits. The plain words of that section confine the right of recovery to instances where damages are sustained in removing incumbrances, as, for example, by paying mortgages, extinguishing liens or redeeming from tax sales. *Charland* v. *Home for Aged Women*, 204 Mass. 563. The plaintiff fails to bring himself within the terms of the statute. *Bradshaw* v. *Crosby,* 151 Mass. 237, 239. *Tibbetts* v. *Leeson,* 148 Mass. 102.

The plaintiff therefore cannot recover without showing eviction. *Emerson* v. *Proprietors of Land in Minot,* 1 Mass. 464. *Bearce* v. *Jackson,* 4 Mass. 408. *Whitney* v. *Dinsmore,* 6 Cush. 124. *Estabrook* v. *Smith,* 6 Gray, 572, 577.

The plaintiff fails to show any eviction or ouster prior to the bringing of this action. Eviction in the sense of a breach of warranty of title is deprivation of the enjoyment of the whole or a part of granted premises by reason of a paramount title. It may be brought about by yielding to such superior title, or by a final judgment of court declaring as matter of record the superiority

of the paramount title, or by the physical compulsion of legal process issued in support of such paramount title.

When notified of the building restrictions, the plaintiff did not yield to the claim of their owners in their assertion of the easement. He abandoned his projected building and advised the defendant of the claims presented. But he did not accede to the soundness of their contentions nor to the validity of the restrictions. His conduct amounted to no more than a cessation of work in order to ascertain his rights. He did not yield to the validity of the claim of the right of drainage. The case at bar is distinguishable from *Sprague* v. *Baker*, 17 Mass. 585, where the plaintiff recognized the genuineness of a mortgage by paying it before bringing action. It is also distinguishable from *Hamilton* v. *Cutts*, 4 Mass. 349. The plaintiff not only did not yield to the validity of the claims made against his property, he defended up to the point of final decree against him the suits for the establishment of the restrictions and of the drainage right. If he had yielded to the claims without suit, he would have consented at his own peril. If it had turned out that the alleged paramount title was not good, he would have had to abide the loss. In an action against a warrantor the burden of proof would be on the plaintiff. An eviction by force of a judgment at law or final decree in equity after notice to the warrantor, unless obtained by fraud, would be plenary evidence in support of that burden. *Hamilton* v. *Cutts*, 4 Mass. 349.

The bringing of the suit against the plaintiff concerning the building restrictions did not constitute an eviction. That was not a dispossession of the plaintiff. The temporary injunction was not an establishment of permanent rights. It did not determine title. It was an incidental step in the progress of the litigation. It was issued to prevent immediate and irreparable loss or damage which would result while inquiry upon the main matter in dispute was being advanced to adjudication. *Bogni* v. *Perotti*, 224 Mass. 152, 158. *Stevens* v. *Dedham*, 238 Mass. 487. G. L. c. 214, § 9. It meant no more than that the court thought that there was a *prima facie* appearance of ground to support the contentions of the plaintiff, and that in the exercise of judicial discretion the brief restraint upon the defendant in the exercise of the rights claimed by him would on the whole be less harmful than the irreparable wrong done to the plaintiff by the instant exercise of such rights

as were asserted by the defendant. It was subject to modification or dissolution upon cause shown at any time before final decree. *Wing* v. *Fairhaven,* 8 Cush. 363. *Martin* v. *Murphy,* 216 Mass. 466. *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182, 211. Numerous cases hold that judgment in an action at law without showing actual or constructive change of possession is not evidence of eviction. *Webb* v. *Alexander,* 7 Wend. 281, 286. *Kerr* v. *Shaw,* 13 Johns. 236. *Paul* v. *Witman,* 3 Watts & Serg. 407. *Feriss* v. *Harshea,* Mart. & Yerg. 48, 55. *Miller* v. *Avery,* 2 Barb. Ch. 582. *M'Dowell* v. *Hunter,* Dudley (Ga.) 4. *Howard* v. *Maitland,* 53 L. J. Q. B. 42.

The bringing of the suit against the present plaintiff to restrain him from interfering with the drain was considerably later than the institution of the present action and manifestly was not available to prove its allegation of eviction.

Nothing short of final decree in the equity suits, which demonstrated the existence of the incumbrances and permanently restrained the present plaintiff from interfering with them, amounted to an eviction. *Tufts* v. *Adams,* 8 Pick. 547. *Gore* v. *Brazier,* 3 Mass. 523. *Kramer* v. *Carter,* 136 Mass. 504. Entry under a mortgage for breach of condition and filing certificate thereof, or the payment of a valid mortgage, are different matters from the simple commencement of a suit in equity and plainly amount to an eviction. Therefore *Furnas* v. *Durgin,* 119 Mass. 500, and *Sprague* v. *Baker,* 17 Mass. 585, are distinguishable. The final decrees in the suits in equity, which showed eviction, were not entered until long after the present action was brought and hence there was no proof of eviction at the time the present action was instituted.

It follows that the rulings in the Superior Court were right, to the effect that the plaintiff could not recover for breach of the covenant against incumbrances and that the action for breach of warranty was prematurely brought.

*Judgment for the defendant.*