ROBERT H. WEMPE ᴇᴛ ᴀʟ. *v.* GEORGE C. SCHOENTAG ᴇᴛ ᴀʟ.

[No. 89, October Term, 1932.]

*Decided January 18th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Robert H. Archer* and *Morris Rosenberg,* with whom were *Tydings, Levy & Archer* on the brief, for the appellants.

*Edwin H. W. Harlan,* for the appellees.

URNER, J., delivered the opinion of the Court.

An alleged breach of a covenant of special warranty in a deed from the defendants to the plaintiffs is the basis of this action. The trial resulted in a verdict and judgment for the plaintiffs, and the defendants have appealed.

The deed containing the covenant sued on was executed on May 29th, 1930. It conveyed six-tenths of an acre of land near the village of Benson, in Harford County. In 1921 the defendants had reserved that parcel of land from their conveyance to other grantees of a larger tract, of which the lot subsequently conveyed to the plaintiffs originally formed a part. The deed for the other portion contained a covenant, running with the land, that no building should be erected upon a designated portion of the lot reserved. The plaintiffs had no knowledge of that restriction when they accepted their deed from the defendants, but relied upon the covenant of special warranty. Having been afterwards prevented by the owner of the dominant estate from building upon the ground to which the restriction applies, the plaintiffs, in this case, are claiming compensation from the defendants for the loss of property value thus occasioned. The defense to the suit is principally based upon the fact that, in the period between the conveyance which imposed the restriction, and that which invested the plaintiffs with the title to the servient land, the defendants had parted with that property and reacquired it after it had been the subject of several intermediate grants. It is urged also, as a defensive circumstance, that the defendants, who are husband and wife, were not co-owners of the lots conveyed and reserved, respectively, by the deed in which the restrictive covenant was included, the title having been

held by the husband alone, and the wife having joined in the deed simply for the purpose of releasing her dower. But reference should be made to the further fact that the reacquisition of the title, which the defendants later conveyed to the plaintiffs, was in consequence of the joint purchase of the property by the defendants under foreclosure of a mortgage taken in their joint names from the first grantee, and which mortgage another grantee who preceded the plaintiffs had assumed.

The effect of a covenant of special warranty is thus defined by the Maryland Code of Public General Laws: "A covenant by a grantor in a deed conveying real estate, 'that he will warrant specially the property hereby conveyed,' shall have the same effect as if the grantor had covenanted that he, his heirs, devisees and personal representatives, will forever warrant and defend the said property unto the grantee, his heirs, devisees and personal representatives and assigns, against the claims and demands of the grantor and all persons claiming or to claim by, through or under him." Article 21, sec. 76.

No cases sufficiently analogous to be precedents for the determination of the present question have been cited by counsel or discovered by this court. The decision depends upon the scope and effect of a special warranty of title as defined by the statute law of this state. The inquiry is whether such a covenant makes it the duty of the grantor to defend the title against claims which he may have created at any prior time or only such as he may have originated during a period of his ownership immediately preceding the warranted grant. In our judgment the defined purpose of the covenant does not admit of the suggested limitation. The grantor necessarily knows whether he has ever done any act to burden the title which he is conveying, while a grantee who relies solely upon the special warranty, in the acceptance of the deed, has no such knowledge. The assurance expressed by the warranty would have its value seriously reduced, and in some cases possibly destroyed, if it were construed as leaving the title exposed to charges created by the covenant-

ing grantor at an earlier and separate period of his ownership. No reason is apparent from the terms of the warranty why a burden imposed by the grantor upon the title at such a period should be excluded from the general category of the claims against which he has agreed that his grantees should be defended.

The servitude which restricts the plaintiffs in the use of their property was imposed by the deed which both of the defendants executed. While the wife's interest in the title at that time may have been limited to her inchoate right of dower, the claim of the dominant owner is derived from a deed in which she joined for the purpose of making it effective. As a co-owner of the title conveyed to the plaintiffs, she joined in the covenant to defend the property against the demands of all persons claiming by, through, or under the grantors. The continuing relation of both grantors to the property, during the intervening period referred to, is evidenced by their purchase-money mortgage, through the foreclosure of which they resumed the full title before its conveyance to the plaintiffs. Since this suit is on a covenant which both defendants executed, as a special warranty of title which they then jointly owned, and as the remedy sought is against a title-burdening claim in the creation of which they both participated, we think the lower court was right in sustaining the theory that they were jointly liable.

It is argued that there has been no sufficient allegation and proof of actual or constructive eviction to support this action. Allusion has already been made to the proved fact that the plaintiffs were prevented by the owner of the dominant estate from building on the land which had been subjected to the restriction easement. This was all the interference which the easement required for its enforcement. It effectually restrained the plaintiffs from the free use of their property, and as the declaration alleges injury to the plaintiffs from the breach of the warranty to defend the title against such a claim, the objection just noted, which was made by demurrer, prayers, and evidence exceptions, was properly overruled.

In *Gallison v. Downing,* 244 Mass. 33, 138 N. E. 315, 318, the court's opinion said: "Eviction in the sense of a breach of warranty of title is deprivation of the enjoyment of the whole or a part of granted premises by reason of a paramount title. It may be brought about by yielding to such superior title, or by a final judgment of court declaring as matter of record the superiority of the paramount title, or by the physical compulsion of legal process issued in support of such paramount title." The easement asserted in that case was contested, while in this instance the plaintiffs yielded to the servitude upon the evident theory, not questioned by the defendants, that it was indisputable.

The cases of *Crisfield v. Storr,* 36 Md. 129, 11 Am. Rep. 480, *Gitlings v. Worthington,* 67 Md. 139, 9 A. 228, and *Hopper v. Smyser,* 90 Md. 363, 45 A. 206, cited by the appellants, involved problems quite different from the one now presented. In the other cases 'to which the appellants' brief refers, and in their quotation from *Frank on Title to Real and Leasehold Estates,* p. 97, we find nothing inconsistent with the views expressed in this opinion.

*Judgment affirmed, with costs.*