JOHN E. MORSE *vs.* ARTHUR F. CHASE.

Barnstable.   January 3, 1940. — March 27, 1940.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Deed,* Construction, Boundary.   *Boundary.   Land Court,* Appeal.

In a deed of the west portion of the grantor's land, stated to be bounded westerly by land of a third person, northerly by a road, southerly by the sea, and easterly by other land of the grantor, a statement

that each of the north and south boundaries was seven and one half rods in length, in the absence of other evidence of intent of the parties, controlled and gave the grantee a parcel of that width, notwithstanding a recital that the parcel conveyed was "one-half of the premises formerly owned by" the grantor's predecessor in title, whose deed of the entire tract fixed its east and west bounds by two rows of marked trees only one hundred eighty feet apart.

Upon an appeal from a decision of the Land Court, findings of fact upon unreported evidence must stand, but a ruling of law as to the intent of the parties to a deed as disclosed by the contents thereof only was subject to revision by this court.

PETITION, filed in the Land Court on March 20, 1936, for the registration of the title to land.

The case was heard by *Smith*, J.

*R. E. French*, for the respondent.

*J. T. Pugh*, (*F. D. Nichols* with him,) for the petitioner.

RONAN, J. This is a petition to register the title to a lot of land in Dennis, lying between a road and Nantucket Sound, and bounded easterly by land of a registered owner and westerly by land of the respondent Chase (herein referred to as the respondent). The only matter in controversy is the location of this westerly bound, which separates the land of the petitioner from that of the respondent. The respondent appealed from a decision of the Land Court fixing this westerly bound by giving the petitioner a frontage of ninety feet upon the road.

One Wixon, who was the owner of a lot of land that included only the parcels now owned by the parties, conveyed it to one Nickerson, in 1894, by a deed that contained no measurements but fixed the easterly and westerly bounds in each instance by a row of marked trees. The distance between these rows of trees, and consequently the width of the entire lot, was one hundred eighty feet. Nickerson conveyed the land to one Edwards in 1906 by a deed giving a frontage on the road of thirteen and one half rods. Edwards sold the westerly portion of his land to Robbins in 1906. His deed bounded the land on the west by other land of Robbins, on the east by other land of the grantor, on the north by the road and on the south by the sea. The only measurements given were seven and one half rods on

the road and the same distance by the sea. After this
description, the grantor added the statement: "this prop-
erty is one-half of the premises formerly owned by Zelotes
Wixon." The respondent claims under this deed and now
owns the land which it conveyed. The petitioner acquired
his property from the devisees of Edwards in 1925, by a
deed of the easterly portion of the Edwards land which
described the land conveyed as bounded by the land of
Thompson on the east, by the land of Crane (now claimed
by the respondent) on the west, on the north by the road
and on the south by the sea. The deed gave the frontage
upon the road as one hundred eleven feet. After describing
the lot by metes and bounds the deed read as follows:
"being one half of the piece of property formerly owned
by Bethia L. Nickerson. Being ½ of the same premises
conveyed to Edwin H. Edwards from Bethia L. Nicker-
son by deed dated Oct. 6, 1906, and recorded in Barnstable
Registry of Deeds, Book 392, page 27." *

The judge found that the total frontage upon the road of
both lots was but one hundred eighty feet; that the frontage
given in the various deeds was a matter of guesswork,
made without examination of the landmarks on the ground,
by which he apparently meant the old rows of chipped
trees and their markings; and that the different measure-
ments of the frontage given in the deeds in the chain of
title make it clear that the intent of the parties in the two
deeds, one from Edwards to the predecessor of the respond-
ent and the second from his devisees to the petitioner, was
that each should convey one half of the entire Edwards tract
of land. On all the evidence he found that the petitioner
had title proper for registration for a lot having a frontage
of ninety feet upon the road, or one half of the actual total

---

* The full description in this deed was as follows: "Commencing at the
northeast corner of the premises by an old road in range of Martin Thomp-
son; thence southerly by said Martin Thompson, 35 rods to the seashore;
thence westerly by said seashore 111 feet to Dr. Clarence Crane's range;
thence northerly by said Dr. Crane's range 35 rods to an old road; thence
easterly by said old road 111 feet to the place of beginning, being one half
of the piece of property formerly owned by Bethia L. Nickerson. Being ½
of the same premises conveyed to Edwin H. Edwards from Bethia L.
Nickerson by deed dated Oct. 6, 1906, and recorded in Barnstable Registry
of Deeds, Book 392, page 27." — REPORTER.

frontage of the Edwards lot upon this road. He ruled upon all the evidence that the land conveyed by the deed from Edwards to Robbins (under which the respondent claims) was the west half of the area of land lying between the road, the sea and the two rows of chipped trees, and that the lot so conveyed was ninety feet in width. He also ruled that "the clear intention of the grantor disclosed by the closing words of the description is not to be overthrown by the erroneous measurement of $7\frac{1}{2}$ rods stated in effect to be the width of said west half."

The particular description of the land conveyed by Edwards to Robbins, and now owned by the respondent, properly described a parcel of land which could be readily identified by applying the description to the locus. The four boundaries of the lot are definitely set forth. They coincide in all respects with the actual distances and courses of the corresponding boundaries of the land itself. The lot described is seven and one half rods wide. The petitioner contends that all that was intended to be conveyed was a lot ninety feet wide which was one half of the total width of the entire Edwards parcel.

Various rules of construction have been adopted to aid in the ascertainment of the intent of the parties where a deed contains conflicting descriptions of the property conveyed. Ordinarily more weight is to be given to monuments than to courses, and the latter are usually entitled to more consideration than distances. Monuments, courses and distances are generally deemed to be more indicative of the intent of the parties than is the quantity or area mentioned. *Powell* v. *Clark*, 5 Mass. 355. *Melvin* v. *Proprietors of Locks & Canals*, 5 Met. 15. *Hall* v. *Eaton*, 139 Mass. 217, 221. *Holmes* v. *Barrett*, 269 Mass. 497, 502. *Raymond* v. *Jackson*, 297 Mass. 509, 511. These rules are based upon common experience and are of general application. They are not, however, inflexible, and they are not to be followed if they would lead to a result plainly inconsistent with the intent of the parties. *Temple* v. *Benson*, 213 Mass. 128. *Ovans* v. *Castrucci*, 267 Mass. 600. Doubtless, there are cases where the parties are desirous of buying and selling a specific

quantity of land and where the boundaries are defined for the purpose of transferring the exact amount of land, *Ainsa* v. *United States,* 161 U. S. 208; *United States* v. *Redondo Development Co.* 254 Fed. 656, but usually the parties are interested in the transfer of a particular parcel of land where the area, while important, is generally per-. mitted to follow as a consequence of the description employed to identify the land conveyed. It was in such circumstances that the relative weight to be accorded to area in the construction of deeds was referred to as follows in *Powell* v. *Clark,* 5 Mass. 355, 357: where "the land is certainly bounded, it is very immaterial whether any or what quantity is expressed"; in *Hall* v. *Eaton,* 139 Mass. 217, 221: "We do not regard the statement of the quantity of the land as very material"; and in *Holmes* v. *Barrett,* 269 Mass. 497, 502: "It is seldom that area can be a controlling factor."

But if the statement in the Robbins deed that "this property is one-half of the premises formerly owned by Zelotes Wixon" is to be considered as a part of the description of the property intended to be conveyed, it must be construed in conjunction with the particular description of the premises which immediately preceded it in the deed. It is settled that a clear and unambiguous particular description of the land controls a general description that is inconsistent with such particular description. The general description is not effective to reduce the size of the lot specifically defined by the deed. *Whiting* v. *Dewey,* 15 Pick. 428. *Dana* v. *Middlesex Bank,* 10 Met. 250. *Lovejoy* v. *Lovett,* 124 Mass. 270. *Dow* v. *Whitney,* 147 Mass. 1. *Cassidy* v. *Charlestown Five Cents Savings Bank,* 149 Mass. 325. *Moran* v. *Somes,* 154 Mass. 200. *Muto* v. *Smith,* 175 Mass. 175. *Crabtree* v. *Miller,* 194 Mass. 123. *Pollard* v. *Ketterer,* 221 Mass. 317. *Burke* v. *Commonwealth,* 283 Mass. 63. We do not think that the general reference to an aliquot part of the entire Wixon tract should prevail over the specific measurements of the front and rear bounds of the lot particularly described.

The findings of fact made by the judge on unreported evidence must stand. *Webber* v. *Cox,* 256 Mass. 595. *Willard* v. *Kimball,* 277 Mass. 350. This appeal brings before

this court only questions of law apparent on the record. *Hartt* v. *Rueter*, 223 Mass. 207. *Bacon* v. *Kenneson*, 290 Mass. 14. The ascertainment of the intent of the parties, depending as it frequently does not only upon the language employed in the deed but upon all the circumstances attending the transaction, is usually a question of fact, *Webber* v. *Cox*, 256 Mass. 595, 597; *Erickson* v. *Ames*, 264 Mass. 436, 441, but where the intent is to be determined from the construction of the deed alone, then the general rule prevails that the construction of a written instrument is for the court. *Mears* v. *Smith*, 199 Mass. 319. *Bass River Savings Bank* v. *Nickerson*, 303 Mass. 332, 334. The ruling that the deed from Edwards to Robbins, under which the respondent claims, conveyed only the west half of the Edwards land was expressly based upon the construction of the deed and was erroneous for reasons already given. It is apparent from the written decision of the judge that this error vitiates the general finding for the petitioner.

The same result would be reached if we were to examine the deed of the petitioner. His deed is bounded on all four sides by monuments and he shows no right to push to the west the easterly boundary of the respondent's land which was fixed nineteen years before the petitioner got his deed.

*Decision reversed.*