Hibbard, P. J.
This is an action of contract in which the plaintiffs seek to recover the sum of Three hundred fifty *350 ($350.) dollars representing the purchase price paid by them for a certain tract of land. The defendant’s answer is a general denial. The report indicates and it was stated at the bar that there is little if any dispute about the facts. The defendant’s testator by statutory Warranty Deed purported to convey to the plaintiffs as tenants by the entirety a tract of land in the Town of Webster. Thereafter the plaintiffs entered into possession of said tract and they continued to be in possession to the present time. The property conveyed was a portion of a larger tract conveyed in 1862 by John Alanson Bates and Orson Bates to one Joseph W. Clark, who in turn re-conveyed the same to the Boston, Hartford & Erie Railroad Company. The title to this larger tract eventually came to rest in the New Haven Railroad, formerly called the New York, New Haven & Hartford Railroad and at the time of the conveyance by the defendant’s testator to the plaintiffs was in said New Haven Railroad. The parcel in question immediately adjoins the location of the New Haven Railroad and was in the deed of conveyance described as follows:
“A certain tract or parcel of land in the southerly part of said Webster, at Point Pleasant, so-called, on the Easterly side of the location of the Southbridge Branch of the New York, New Haven and Hartford Railroad, and bounded and described as follows, towxt •
“Beginning at an iron pipe driven into the ground beside a small white pine tree standing on the shore of Lake Chaubunagungamaug and being the most northeasterly attgle of the premises hereby conveyed;
“Thence by high water mark of said Lake" to a point on the Easterly line of the location of the Southbridge Branch of said New York, New Haven and Hartford Railroad;
“Thence Northerly by land of said Railroad Company to land of one Smith;
*351 “Thence easterly by land of said Smith to the point of beginning, together with all rights of way appurtenant to the herein granted premises.
“Said premises are conveyed subject to any restrictions of record, if any.”
The purchase price paid by the plaintiffs was Three hundred fifty ($350.) dollars. There was no evidence of an eviction actual or constructive or that the plaintiffs had yielded to a paramount title.
The defendant seasonably filed a request for a ruling of the following tenor:
“1. That upon all the evidence the plaintiffs are not entitled to recover, and states the following grounds for such request:
“A. That the plaintiffs have failed to show any eviction or ouster from the premises prior to the bringing of this action.
“B. That the action for breach of warranty was prematurely brought.
“C. That the plaintiffs have failed to show that the defendant’s testator, Elmer J. Coleburn, did not have title to the premises at the time of this conveyance to the plaintiffs.
“D. That the plaintiffs have failed to show any breach of the covenant of warranty contained in the deed of conveyance from the defendant’s testator to the plaintiffs in that such deed of conveyance did not convey any land to the plaintiffs from its description.”
This request was denied by the Trial Judge who filed the following finding:
“FINDING.
“This is an action of contract to recover the sum of three hundred and fifty dollars and interest. The plaintiff’s declaration, in three counts, is as follows:
“Count 1. The plaintiffs say that on or about the sixteenth day of August, 1938, the defendant’s testate promised in writing to convey to the plaintiffs a eer *352 tain parcel of land situated at Point Pleasant in the town of Webster in consideration of which promise the plaintiffs paid to the defendant’s testate the sum of three hundred and fifty dollars ($350.) but the defendant’s testate failed to convey and has never conveyed the said premises all to the great damage of the plaintiffs as claimed in their writ.
“Count 2. The plaintiffs say that the Estate of Elmer J. Coleburn owes them the sum of three hundred and fifty dollars ($350.) plus interest according to the accounting between the parties.
“Coum>t 3. The plaintiffs say that the Estate of Elmer J. Coleburn is indebted to the plaintiffs in the sum of three hundred and fifty ($350.) dollars plus interest by virtue of a Breach of Warranty in a certain deed given by the defendants testate to the plaintiffs dated August 16, 1938 and recorded in the Worcester District Registry of Deeds, Book 2750, Page 34.”
The defendant’s answer is a general denial.
“This action is brought against the executor of the will of Elmer J. Coleburn, hereinafter referred to as the defendant.
“On the 16th day of August, 1938, the defendant’s testator did, by warranty deed, convey to the plaintiffs, as tenants by the entirety, a certain lot of land in the southerly part of Webster, at Point Pleasant, so-called. The records of the Worcester District show that in September 26,1862 the lot of land subject of this controversy was conveyed by John Alanson and Orson Bates to Joseph W. Clark.
“On February 2, 1864, this same lot, together with two others, was conveyed by Joseph W. Clark to the Boston, Hartford and Erie Railroad Company. And so far as it appears from the records there is no conveyance from the Railroad Company to anyone. The defendant ‘ claims that this action was prematurely brought and that the plaintiff cannot recover without showing eviction. And in support of his proposition he relies on the case of Gallison vs. Downing, Executor, 244 Mass. 33.
“In this case the land was conveyed subject to the restriction that no building should be erected thereon *353 within fifteen feet of the street or ten feet of another street and as stated in this case this covenant did not run with land and the right of action for its breach did not accrue to the plaintiff; there was also a question of a right to maintain a drain and there was nothing in the record to show when the encumbrance of the right to maintain the drain came into existence. It does not appear that that was an encumbrance at the time of the defendant’s deed; there was also a question that the right to maintain the drain might have been acquired by prescription, and on that account before the plaintiff could recover it had to show eviction.
“In the case at bar, insofar as the records show the land is still the property of the Railroad Company, there is no conveyance on record from the Company and no prescriptive right can be obtained in land of Railroad Corporation, Gen. Laws (Ter. Ed.) c. 160, s. 88.
“I find for the plaintiffs in the sum of three hundred and fifty dollars for damages, and in the sum of forty-six dollars and eighty-five cents interest from August 16,1938 to the date on the writ.
*****
“I find that the title to this lot still stands, so far as the record shows, in the name of the Railroad Company and that the defendant never had acquired any title to it and had nothing that he could convey, and for that reason the plaintiffs did not have to show any eviction prior to the bringing of the action which was properly brought.”
The Trial Judge found and it appears from his report that the defendant never had any title to the premises he sought to convey. The description as drawn conveys nothing. There was no breach of warranty. The declaration contained no count for money had and received. We are of the opinion that the plaintiffs are entitled to recover the consideration which they paid. The plaintiffs are given leave to amend their declaration in accordance with the foregoing suggestion within fifteen days of the entry of *354 this decision, and thereupon the report is ordered to be dismissed. Otherwise judgment is ordered for the defendant by reason of the prejudicial error of the Trial Judge in refusing to give the requested ruling numbered 1(D).