*Southern Division*

**FRANK SIMMONS ET AL**

**v.**

**EZRA J. SWIFT**

*Present*: Nash, P. J., Cox & Callan, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol. No. 3802.

(Case transferred from Superior Court for the County of Barnstable. No. 26, 138.)

*Cox, J.* This is an action of contract for breach of warranty covenants. There was a finding for the plaintiffs in the sum of $500. The defendant claims to be aggrieved by the denial of three of his five requested rulings of law.

The defendant's warranty deed is statutory form, (See G. L. c. 183, §10) dated November 28, 1958, in which deed the plaintiffs are grantees, described the land as follows:

"northerly by Waquoit Road also called Fresh Pond, so called; southerly by an old way called Slough Road; westerly by Old Meeting House Road. Containing 19 acres, more or less."

The consideration was $1400. The land is a triangular piece.

After the plaintiffs took possession they learned that one Dimmock claimed ownership of the land at the northerly apex of the triangle, which the report states contains less than two acres and which the defendant's brief admits contains 1.74 acres.

Dimmock ordered the plaintiffs off the disputed area. The plaintiffs complied. The plaintiffs requested the defendant to defend against Dimmock's claim of title. The defendant did not do so. Later the plaintiffs paid Dimmock $500. for a deed which contains the same description as that in the defendant's deed to the plaintiffs. The plaintiffs had previously asked the defendant to pay that amount to Dimmock or defend against his claim.

There was expert testimony by the attorney who had represented the plaintiffs in the purchase of the property and who had approved the title, that he again searched the title and gave it as his opinion that Dimmock's claim to the disputed area was genuine and that Dimmock held it in fee absolute.

The defendant testified that he had always believed that he owned 19 acres, more or less, as he had been assessed on that basis, and that at no time did he own or represent that he owned, the land in the disputed area.

*There was evidence that* the plaintiffs attorney had drawn the sale and purchase agreement wherein the description appears which was later incorporated verbatim in the deed.

The rulings which the defendant requested and which the judge denied were as follows:

"2. There was no actual eviction or ouster in this case.

"3. Where the purchase and sale agreement recites:

Northerly by Waquoit Road also called Fresh Pond, so called; southerly by an old way called Slough Road; westerly by Old Meeting House Road. Containing 19 acres more or less and the deed in question recites the same description, if in fact 2 acres less was in fact conveyed there is no breach of warranty because of the wording 'more or less.'

"5. Where the purchasers accepted their attorney's title search and a deed with the description as set forth in request No. 3. and where the defendant honestly believes that he did own 19 acres, there can be no recovery."

The judge made special findings as follows: "I further find that on November 28, 1958, the defendant gave the plaintiff a warranty deed which contains a metes and bounds description that included a triangular piece of land that was not owned by the defendant. The parcel was supposed to contain 19 acres more or less but only had 17 acres more or less.

"I find that when the plaintiff tried to clear this disputed parcel, one Dimmock ousted him from the property. I find that proper demand was made on the defendant by the plaintiff to come in and defend against Dimmock's claim of title. I find that the defendant failed to so defend and that to avoid suit, the plaintiff settled with Dimmock for $500.00 after advising the defendant of his intentions and asking him (the defendant) to pay the claim or defend the same.

"I find that $500.00 was a fair and reasonable price for the disputed parcel.

"I find that the plaintiff is entitled to collect this amount from the defendant because of the defendant's breach of warranty."

In our opinion the judge's finding for the plaintiffs was warranted, if not required, and there was no error in the denial of the defendant's requests for rulings of law.

The defendant contends that the description in the deed does not require the conclusion that the disputed area was bounded by the junction of Waquoit Road and Old Meeting House Road; that the conveyance of 17.26 acres when the deed refers to 19 acres "more or less" is a compliance which precludes recovery for breach of warranty covenants; in short, that the disputed area is not included in the wording of the covenant. We do not agree.

■ "Area is comparatively unimportant in the construction of a deed. *Melvin v. Proprietors of Locks & Canals,* 5 Met. 15. *Holmes v. Barrett,* 269 Mass. 497, 502. Distances are of less weight than courses exactly defined. *George v. Wood,* 7 Allen 14. Monuments are usually given more weight than either. *Stefanick v. Fortona,* 222 Mass. 83, 85. *Holmes v. Barrett,* 269 Mass. 497, 499, 500. *Fulgenitti v. Cariddi,* 292 Mass. 321, 327." That quotation is from *Raymond v. Jackson,* 297 Mass. 509, 511. See also *Morse v. Chase,* 305 Mass. 504, 507, 508. In the latter case the court cited *Powell v. Clark,* 5 Mass. 355, 357 wherein it is said that where "the land is certainly bounded, it is very im-

material whether any or what quantity is expressed". It also quoted from *Hall v. Eaton,* 139 Mass. 217, 221 that "We do not regard the statement of quantity of the land as very material". There was also a quotation from *Holmes v. Barrett,* 269 Mass. 497, 502: "It is seldom that area can be a controlling factor."

In the case before us the description in the deed is clear and unambiguous. No distances are given but the land is described as bounded by three roads. Roads are monuments. *Daviau v. Betourney,* 325 Mass. 1. *Temple v. Benson,* 213 Mass. 128, 132. The land described as bounded by the three conjoined roads is necessarily triangular and includes the disputed area at the northerly apex.

There being no ambiguities in the description, resort may not be had to extrinsic evidence to vary the clear description. *Townsend v. Weld,* 8 Mass. 146, 147. *Buckley v. Gray,* 285 Mass. 110, 116.

From what has been said it follows that the reference in the deed to area must yield to the road boundaries as indicative of the binding commitment of the parties. *Morse v. Chase,* 305 Mass. 504, 507, 508.

A paramount right, such as Dimmock had in the northerly portion of the granted premises, and Dimmock's title to it is not disputed, is an encumbrance which breached the covenant and gave the plaintiffs an immediate right of action for damages.

*Prescott v. Trueman,* 4 Mass. 627, 629, 630. And as the defendant did not own the whole estate which he undertook to grant the covenants of seisin and right to convey were broken. *Cornell v. Jackson,* 3 Cush. 506.

■ To recover under the covenants of warranty, the plaintiff has to show not only a want of title but also an eviction, as the defendant contends. The judge recognized this rule by allowing the defendant's request number 1 to that effect.

■ "Eviction is that which constitutes a breach of the covenant of warranty" . . . . "Eviction in the sense of a breach of warranty of title is deprivation of the enjoyment of the whole or a part of granted premises by reason of a paramount title. It may be brought about by yielding to such superior title, or by a final judgment of court declaring as matter of record the superiority of the paramount title, or by the physical compulsion of legal process issued in support of such paramount title." *Gallison v. Downing,* 244 Mass. 33, 36, 37. In the case before us the plaintiffs yielded to the validity of Dimmock's claim against the land. Having yielded without legal action they did so at their peril. If it turned out that Dimmock's title was not good, they would have to accept the loss of $500 which they paid Dimmock. *Gallison v. Downing,* 244 Mass. 33. It is not disputed that Dimmock's claim to a portion of the premises described in the deed was paramount to that of the defendant and the judge was warrant-

ed in finding that the plaintiffs were, in legal effect, evicted from it. Dimmock in fact had ordered them off. Accordingly, the plaintiffs were within their rights in recognizing the genuineness of Dimmock's title and settling with him for an amount which the judge has found to be reasonable. No contention was made that it was not. *Sprague v. Baker,* 17 Mass. 585, 590, 591. *Gallison v. Downing,* 244 Mass. 33, 38.

The defendant can not now be heard to complain of the settlement which the plaintiffs made with Dimmock. He was notified by the plaintiffs of their eviction and declined either to pay the $500. in settlement of Dimmock's claim or defend in accordance with his covenant. The plaintiffs were entitled to recover damages. *Prescott v. Trueman,* 4 Mass. 627, 631. *Burrage v. Smith,* 33 Mass. 56. *Blanchard v. Ellis* & *another,* 67 Mass. 195, 203. *Richmond v. Ames,* 164 Mass. 467, 475. *Richstein v. Welch,* 197 Mass. 224, 230. We see no error in the denial of the defendant's requested rulings numbers 2 and 3 in the light of what has been said. Nor was there error in the denial of number 5.

The defendant's liability for breach of his covenants of warranty is not affected by any knowledge the plaintiffs may have had of the shortcomings in the defendant's title to the land which the defendant undertook to convey, warrant, and defend. *Townsend v. Weld,* 8 Mass. 146, 147. *Harlow v. Thomas,* 32 Mass. 66, 69, 70. It does not appear that

the plaintiffs in fact had any knowledge of Dimmock's interest before they took conveyance from the defendant. *Leland v. Stone,* 10 Mass. 458, 459.

As no reversible error has been shown, an order should be entered dismissing the report.

Willard, Peterson, Goodspeed & Cameron of Boston, for the Plaintiff.

William B. Perry, Jr. of New Bedford, for the Defendant.